## SWEENEY et al. v. PENNSYLVANIA DEPARTMENT OF PUBLIC ASSISTANCE BOARD et al.

### No. 381.

District Court, M. D. Pennsylvania.

June 22, 1940.

Frank Sweeney, of Alden, for plaintiffs.

Joseph F. Tedesco, Pa. Dept. of Justice, of Scranton, Pa., for defendants.

JOHNSON, District Judge.

Plaintiffs filed their complaint alleging that they have been illegally denied relief under the Pennsylvania Public Assistance Law, 1937 Pa.P.L. 2051, 62 P.S.Pa. § 2501 et seq. Their specific complaint is that their personal liberty guaranteed by the fourteenth amendment to the Constitution of the United States is infringed by a regulation of the Department of Public Assistance. This regulation provides that where several persons are living together as a family unit, no one in that unit is eligible for relief so long as the total income of the unit is equal to or greater than the budget allowance for that number of persons as established by the budget regulations of the Department of Public Assistance.

Plaintiffs had been living with John Finn, brother-in-law of Frank Sweeney and son-in-law of Margaret Sweeney, under an arrangement whereby the Finns and Sweeneys shared expenses. The Sweeneys applied for public assistance and were denied it because the income of John Finn alone was more than the public assistance budget allowance for the number of persons in that family unit. Plaintiffs contend that they are thus deprived of the right to live where they wish, that this is guaranteed by the fourteenth amendment

to the Federal constitution, and that, therefore, the regulation is in violation of the Federal constitution and its enforcement should be enjoined.

Defendants moved to dismiss the complaint on three grounds: (1) Claude T. Reno is not a member of the Public Assistance Board; (2) the court lacks jurisdiction because there is no diversity of citizenship and the amount involved is not over $3,000; (3) plaintiffs have a full and adequate remedy in the state courts. These will be considered in the order listed.

 Section 450 of the Act of April 9, 1929, Pa.P.L. 177, as amended, 71 P.S. Pa. § 160, provides who shall be members of the State Board of Public Assistance, and the Attorney General is not and cannot be a member. He is improperly named as a defendant in this action, and the complaint will be dismissed as to him.

Defendants next argue that this court lacks jurisdiction because there is no diversity of citizenship and the amount involved is not over $3,000. This contention is not supported by law. The question raised is whether plaintiffs' personal rights under the federal constitution have been violated by enforcement of a state regulation. In such case a federal district court has original jurisdiction under section 24 (14) of the Judicial Code, 28 U.S.C.A. § 41(14), without any allegation of diversity of citizenship and without proof that more than $3,000.00 is involved: Hague v. Committee for Industrial Organization, 307 U.S. 496, 512, 513, 59 S.Ct. 954, 83 L.Ed. 1423.

Thirdly, defendants argue that plaintiffs have an adequate remedy in the state courts by mandamus in a court of common pleas. This court will not relegate plaintiffs to the use of mandamus in a state court to determine whether their right of personal liberty, guaranteed to them by the Constitution of the United States, has been infringed by a regulation of the Department of Public Assistance. As pointed out above, this court has jurisdiction under section 24(14) of the Judicial Code, and can and will here decide any questions of federal constitutionality raised by the complaint filed in this case.

In their briefs and at the oral argument both parties presented argument concerning whether the regulations in question did violate the plaintiffs' right to liberty under the fourteenth amendment to the Constitution. This goes to the merits of the complaint and is properly before the court only after defendant has been given opportunity to file an answer to the complaint, and hence will not be considered by the court at this stage of the proceeding.

It is therefore ordered that the complaint in the above entitled action be, and the same is hereby, dismissed as to Claude T. Reno.

It is further ordered that in all other particulars the motion to dismiss this complaint be, and the same is hereby, denied, and the defendant is ordered and directed to file answer to the complaint within 20 days from the date of this order.