SWEENEY et al. v. STATE BOARD OF PUBLIC ASSISTANCE.

No. 381 Civil.

District Court, M. D. Pennsylvania.

Dec. 31, 1940.

172

Frank Sweeney, of Nanticoke, Pa., for plaintiffs.

Joseph F. Tedesco, of Scranton, Pa., for defendant.

Kathleen Meehan, County Supervisor, and Archie W. Johnston, Sr. County Supervisor, both of Wilkes-Barre, Pa., and James Brindle, Director of Assistance State Department of Public Assistance, of Harrisburg, Pa., appearing with counsel for defendant at pretrial conference.

JOHNSON, District Judge.

I.   History of the Case.

Plaintiffs filed their complaint alleging that they have been illegally denied general assistance under the Pennsylvania Public Assistance Law, 1937 Pa.P.L. 2051, 62 P.S.Pa. § 2501 et seq. Their specific complaint is that their personal liberty guaranteed by the fourteenth amendment to the Constitution of the United States is infringed by a regulation of the Department of Public Assistance. This regulation provides that where several persons are living together as a family unit, regardless of relationship of those parties, no one in that unit is eligible for general assistance so long as the total income of the unit is equal to or greater than the budget allowance for that number of persons as determined by the budget regulations of the Department of Public Assistance.

Together with their complaint, plaintiffs filed application for a temporary injunction, to restrain the enforcement of the family unit regulations of the Public Assistance Board, and sought a three-judge court to determine the constitutionality of the regulation in question.

The application for temporary injunction was denied by this court on January 16, 1940. Plaintiffs have continually urged the necessity of convening a three-judge court to determine the constitutionality of the family group regulation of the Public Assistance Board. The Supreme Court of the United States has decided that a three-judge court need be convened only when the constitutionality of a state statute is questioned, and not when the constitutionality of a departmental regulation is raised, since in the latter case the attack is aimed only at allegedly erroneous administrative action, and not at an invalid statute: Ex parte Bransford, May 20, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249.

Named as original defendants in this suit were the State Board of Public Assistance and "Board Member, Claude T. Reno". On motion of counsel for defendants, the complaint was dismissed against Claude T. Reno, because he is not a member of the State Public Assistance Board, but the motion of the State Public Assistance Board to dismiss the complaint against them was denied: Sweeney et al. v. Pennsylvania Department of Public Assistance Board, D.C., 33 F.Supp. 587.

Subsequent to the denial of the motion to dismiss, and pursuant to order of court, de-

fendant filed answer to the complaint, July 9, 1940. Thereafter from time to time, plaintiffs filed requests for admissions of fact and genuineness of documents, pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Answers to all of these requests were filed in due course by defendants.

This action was listed for trial at the October, 1940, term of court in Scranton, Pennsylvania. By order of court a pretrial conference was scheduled for Wednesday, October 23, 1940, and held, at which the parties were ordered to appear prepared as for trial. On this date appeared Frank Sweeney for himself and his mother, plaintiffs, and Joseph F. Tedesco, counsel for defendants, and with him the County Supervisor and the Senior Supervisor of the Luzerne County Board of Assistance, and the Director of Assistance of the State Department of Public Assistance. Each side gave a brief statement of its position and opportunity was then given each party to question the opposing party, for the purpose of obtaining further admissions and narrowing the issues. After full and complete discussion and questioning in the presence, and with the aid of the court, it became apparent that there were no facts in dispute, that the only issue was one of law—the reasonableness of the family grouping regulation promulgated and enforced by the State Public Assistance Board. At the suggestion of the court and with consent of parties, the court proceeded to decide the question of law, and stated that judgment would be entered for defendants.

Because of public interest in the problem involved, and since this case is apparently of first impression, at the suggestion of the parties, the court agreed to state in writing the reasons for directing judgment for defendants. The purpose of this opinion, therefore, is to state those reasons, and to direct the entry of the appropriate judgment.

## II. Findings of Fact.

From the pleadings, admissions of record and pre-trial conference, the court finds these facts:

1. Prior to September 27, 1939, plaintiffs had been living for a period of years with John Finn, brother-in-law of Frank Sweeney, and son-in-law of Margaret Sweeney, as a family unit, under an arrangement whereby the Finns and Sweeneys shared expenses.

2. Prior to September 27, 1939, and while the Sweeneys and Finns were living together under one roof and as one unit, Mr. Sweeney was receiving relief from time to time and was unable to pay his one-half share of expenses for himself and his mother. At such times the income of the Finns and Sweeneys was pooled to meet all expenses, and Sweeney contributed what he could.

3. For the three months immediately preceding September 27, 1939, the income of John Finn was approximately $120 per month.

4. The sum of $120 per month is more than the general assistance allowance for four persons as determined by the budget regulations of the State Board of Public Assistance.

5. On September 27, 1939, application of plaintiff and his mother for general assistance was denied because they were living with the Finns as a family unit, and the income of this unit was such that the State Board determined no needy person therein.

6. Plaintiffs used every administrative remedy available to seek a redetermination of their need and secure general assistance, but were advised that no relief could be granted as long as the conditions of facts one to four above existed.

7. February 18, 1940, the Finns and Sweeneys separated and the Sweeneys established a separate home.

8. March 18, 1940, general assistance was granted to plaintiffs and was still being received by them at time of pre-trial conference in October, 1940.

9. Plaintiffs seek recovery from the State Board of Public Assistance for the period from September 27, 1939 to March 18, 1940, and seek to have the family grouping regulation of the State Board declared unconstitutional as depriving them of their liberty guaranteed by the fourteenth amendment of the Constitution of the United States.

## III. Conclusions of Law.

From the foregoing facts the court reaches the following conclusions of law:

1. The family grouping regulation of the State Board of Public Assistance is a reasonable regulation for enforcing and carrying out the purposes of the State Assistance Law.

174

2. Plaintiffs were not denied the liberty of living where they please, through the enforcement of this regulation.

3. Judgment must be entered in favor of defendants and against plaintiffs.

## IV. Discussion.

Plaintiffs claim that their right to live where they please has been infringed by this regulation of the State Board of Public Assistance, which denied them relief while living as a family unit with relatives who were not legally liable for their support. The courts have construed the fourteenth amendment of the Federal Constitution to guarantee to an individual the right to live where and as he pleases: Allgeyer v. Louisiana, 165 U.S. 578, 589, 17 S. Ct. 427, 41 L.Ed. 832, but the amendment is not a guaranty of untrammeled freedom of action: Virginian R. Co. v. System Federation No. 40, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789. The Constitution does not recognize an absolute and uncontrollable liberty, the liberty safeguarded being liberty in a social organization which requires the protection of law against the evils which menace the health, safety, morals and welfare of the people: West Coast Hotel Co. v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703, 108 A.L.R. 1330; Jacobson v. Massachusetts, 197 U.S. 11, 26, 25 S.Ct. 358, 49 L.Ed. 643, 3 Ann.Cas. 765; Hardware Dealers Mutual F. Ins. Co. v. Glidden Co., 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214. The constitutional guaranty of liberty is only of freedom from arbitrary restraint, not of immunity from reasonable regulations and prohibitions imposed in the interests of the community: Hardware Dealers' Mutual F. Ins. Co. v. Glidden Co., 284 U.S. 151, 52 S.Ct. 69, 76 L.Ed. 214; West Coast Hotel Company v. Parrish, 300 U.S. 379, 57 S.Ct. 578, 81 L.Ed. 703, 108 A.L.R. 1330. There is no arbitrary restraint here of plaintiffs' right to live where they please. The restraint is imposed only if they wish to receive a grant of public assistance from the state. The State Board of Public Assistance has determined the regulation reasonable in enabling it to aid those who are most needy, and to that end this court, also, determines the regulation reasonable and not arbitrary. The regulation is not formulated on the theory that the persons living together are legally responsible for each other's support under the state support law, but on the theory that under such facts as exist in this case,

there is not an apparent and pressing need for assistance which exists elsewhere.

Relief or public assistance is not a vested property right held by any person or group of persons: Russell v. City of Providence, 7 R.I. 566. It is a gratuity from the state made to those whose status and condition measured by standards promulgated by the State Board of Public Assistance show an urgent need for financial aid in order to maintain the highest degree of public health, morals and general welfare. It is not merely an aid to an individual, but an aid to preserve community life and society, and its administration must be guided by standards of need prescribed by duly authorized bodies, here the State Board of Public Assistance. Courts will proceed with great caution before overthrowing the work of such boards, since their investigation and study have best enabled them to determine what regulations will produce the greatest good for the greatest number, and that is the fundamental aim of this democracy.

For the foregoing reasons it is ordered that judgment be, and is hereby, entered in favor of defendants and against plaintiffs, without costs.