**JOHNSON v. WILSON, Warden.**

**Civil No. 190.**

District Court, M. D. Alabama, N. D.

July 9, 1942.

Walter S. Smith, of Birmingham, Ala., for petitioner.

Thomas S. Lawson, Atty. Gen. of Alabama, and Charles Rowe and Noble Russell, Asst. Attys. Gen. of Alabama, for respondent.

CHARLES B. KENNAMER, District Judge.

Frank Johnson, alias Bradley Johnson, a negro, was indicted, tried, convicted, and sentenced to death in the circuit court of Jefferson County, Alabama, Bessemer division, a court of competent jurisdiction, of the crime of rape; the alleged victim being a white woman. An appeal was taken from this conviction and sentence to the Supreme Court of Alabama, the highest appellate court in the State, which court affirmed the case. Johnson v. State, 5 So. 2d 632.

An application for writ of certiorari was then made to the Supreme Court of the United States, which Court denied the writ, 62 S.Ct. 1299, 86 L.Ed. ——, whereupon petitioner filed a motion for a rehearing of the writ. Pending the disposition of the motion for a rehearing, a stay of execution of the petitioner was granted by one of the justices of the United States Supreme Court. The motion for rehearing was denied by the United States Supreme Court, 62 S.Ct. 1310, 86 L.Ed. ——.

The petitioner, upon the eve of his execution, and after denial by the Supreme Court of the United States of his motion for a rehearing on his application for a writ of certiorari, filed a petition in this court for a writ of habeas corpus, in which a discharge from the custody of Earl R. Wilson, Warden of the State (Kilby)

Penitentiary, at Montgomery, Alabama, was sought.

This court issued the writ without first issuing a rule to the Warden or the Attorney General of Alabama, to show cause why the writ should not issue.

Among other things, petitioner alleges in his petition for writ of habeas corpus that at the time of the finding of the indictment against him "negroes were * * *, and always have been, intentionally and systematically excluded from Grand Jury service in Jefferson County, Alabama, solely on account of race and color * * *"

An allegation of this nature was also made as to the petit jury that tried petitioner.

Further allegations in the petition were to the effect that: "indictment returned against him * * *, was obtained upon a purported confession of petitioner improperly obtained from him after he had been subjected to third degree methods and had been beaten by officers of Jefferson County, Alabama, and of the City of Bessemer, Alabama. * * *" and

"* * * prior to said indictment, petitioner, a member of the negro race, was arrested without warrant, held in the City Jail of Bessemer, Alabama, and the County Jail at Birmingham, Alabama, for a period of, to-wit, three days or longer, without formal charges, and without being permitted to see or confer with counsel or friends, and after petitioner had been beaten by officer of the City of Bessemer * * *, thereby denying petitioner due process of law as guaranteed to him by the Fourteenth Amendment to the Constitution of the United States, and said indictment is void."

On this petition, the writ of habeas corpus was issued; a stay of execution granted.

The respondent Earl R. Wilson, by and through the Attorney General of Alabama, filed an answer to the petition in which denial was made to the allegations of systematic discriminations against members of the negro race in selecting the grand and petit jurors for the trial of petitioner; the manner and methods used in obtaining the confession; and the right of petitioner to counsel. A special motion was also filed by respondent praying this court to dismiss the petition and writ of habeas corpus on the following grounds:

1. That it affirmatively appears that prior to seeking relief in a federal court, or from a federal judge, the petitioner has not exhausted his remedies in the state court.

2. That substantially the same questions, which the petitioner now urges as reasons why writ of habeas corpus should be granted to him in this proceeding, were raised by petitioner and by his counsel in the trial of the cause in the circuit court of Jefferson County, on appeal to the Supreme Court of Alabama, and on petition for certiorari to the Supreme Court of the United States.

3. That the petitioner was represented by four able, experienced, and diligent counsel before and at his trial in the Jefferson County circuit court, on his appeal to the Supreme Court of Alabama, and on his petition for certiorari to the Supreme Court of the United States.

This court heard evidence as offered by petitioner and respondent on allegation by petitioner that he was not represented by counsel at his arraignment and trial. The evidence presented to the court was clear and without conflict that petitioner was represented by able, experienced and competent counsel, appointed by the trial court, who so represented him at and during his trial, on appeal to the Supreme Court of Alabama, and on petition for writ of certiorari to the Supreme Court of the United States. And petitioner is represented in this proceeding by able and competent counsel.

■ The petitioner presents to this court alleged grievances which have never been presented to a state court of Alabama. He has never given the courts of the state of Alabama an opportunity to remedy or redress the alleged wrongs complained of in this proceeding in this court. Nothing has been urged on this court but that could be petitioned for in a petition for a writ of habeas corpus in the state courts of Alabama. The state of Alabama has jurisdiction to bring the petitioner to trial for the offense he was tried for, and for errors committed in such trial, or constitutional rights denied, recourse is provided by appeal to the higher tribunals of the state and on to the United States Supreme Court.

It would not be proper for this court to permit the petitioner to now oust or sup-

plant the jurisdiction of the state courts before an opportunity was given them to redress the alleged wrongs, as complained of by petitioner, done to him by them. Such action on the part of this court would be a breach of that comity prevailing between the state and federal courts.

Petitioner would have this court assume, which it cannot do, that the courts of the state of Alabama will refuse to fully protect all legal rights secured to him under the Constitution of the United States. In Ex parte Lynch, D.C., 18 F. Supp. 673, Judge Slick says: "State courts have the same duty to enforce provisions of Federal Constitution as federal courts, and federal District Court must presume that judges of several state courts will be as jealous of constitutional rights of accused persons as federal courts."

In Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 343, 79 L.Ed. 791, 98 A.L.R. 406, a unanimous court says: "We do not find that petitioner has applied to the state court for a writ of habeas corpus upon the grounds stated in his petition here. That corrective judicial process has not been invoked, and it is not shown to be unavailable. Despite the many proceedings taken on behalf of the petitioner, an application for the prerogative writ now asserted to be peculiarly suited to the circumstances disclosed by his petition has not been made to the state court. Orderly procedure, governed by principles we have repeatedly announced, requires that before this Court is asked to issue a writ of habeas corpus, in the case of a person held under a state commitment, recourse should be had to whatever judicial remedy afforded by the state may still remain open."

If procedure, as attempted by petitioner in this case, were adopted, then the federal district courts become reviewing or appellate courts for criminal cases which have been tried by the state courts, especially cases in which defendants have been convicted and given substantial sentences. It would not be amiss under such procedure for able and skillful counsel to overlook purposely vital rights of clients throughout the arraignment, trial, appeals in the state courts, and in petition for writ of certiorari to Supreme Court of the United States, in order to guarantee a second review of the trial court, should the first appeal be affirmed and petition for certiorari denied, thereby staying the sentence imposed until the federal district court, the United States circuit court of appeals and the Supreme Court of the United States could study and review the actions of the trial court relative to these "overlooked" rights.

An order has been entered dismissing the petition without prejudice.