**WILSON et al. v. CITY OF PADUCAH et al.**

**Civ. No. 516.**

United States District Court
W. D. Kentucky, Paducah Division.

Sept. 10, 1951.

Joseph S. Freeland, Paducah, Ky., for plaintiffs.

James G. Wheeler (of Wheeler & Marshall), Paducah, Ky., for defendants.

MILLER, Circuit Judge.

In this action, originally filed by the plaintiffs Fred A. Wilson, Jr., and Henry L. Powell, members of the Negro race and residents of Paducah, Kentucky, suing for themselves and all other persons similarly situated, the Court sustained plaintiffs' motion for summary judgment, and on October 27, 1950 entered a judgment holding the action to be a class action authorized by Rule 23(a) of the Rules of Civil Procedure, 28 U.S.C., and that the plaintiffs and other Negro citizens of Paducah, Kentucky, who possessed the qualifications required for admission to Paducah Junior College which are required of white applicants, were entitled to admission to the College as students upon the same terms and conditions as were applied to applicants for admission to the College who are members of the white race, and that the acts of the defendants in denying to the plain-

tiffs admission to the College as students, while admitting white applicants thereto and while maintaining no other College which such qualified Negro applicants might attend, constituted a deprivation of the right to the equal protection of the laws which are secured to said plaintiffs and to all persons similarly situated by the Constitution of the United States and the 14th Amendment thereto.

On August 14, 1951, the intervening petitioners Marion Wilson and Eloise Broady Ray, not named as parties in the original complaint, tendered and moved to file their intervening petition, which adopted as part thereof the allegations of the original complaint in this action, alleged that the intervenors were members of the Negro race and residents of Paducah, Kentucky, and that although possessing all of the qualifications and meeting all of the requirements required of applicants for admission to Paducah Junior College, they were refused such admission solely upon the ground of their membership in the Negro race. The intervening petition asks that the defendants be enjoined from excluding these petitioners from admission to the College as students upon the ground of their membership in the Negro race, and that if necessary a three-judge court be convened to hear and determine this application for injunction, as provided by 28 U.S.Code, § 2281. The defendants have objected to the filing of the intervening petition. Petitioners' motion to file the same is the only question before the Court at the present time.

Defendants contend that the original complaint is not a class action and consequently does not confer any rights upon the intervenors who were not parties thereto, in that the persons constituting the alleged class are not so numerous as to make it impractical to bring them all before the Court as required by Rule 23(a), Rules of Civil Procedure. Their brief refers to statistics which might prove that the members of the alleged class are very few in number. However, this Court cannot now consider evidence presented by way of brief after the entry of a judgment which has held contrary to defendants' contention. The time to have litigated that is-

sue, if such an issue was genuinely involved, was before the entry of the judgment referred to, at which time the Court was considering the motion for summary judgment. Such motions cannot properly be sustained if it is shown to the Court that there exists between the parties a genuine issue as to any material fact. Begnaud v. White, 6 Cir., 170 F.2d 323; Sartor v. Arkansas Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967. However, a mere formal denial of allegations contained in the complaint does not automatically prevent the entry of a summary judgment. If the party making the denial fails to support his contention, the Court may properly rule from the record and affidavits filed that no justiciable controversy really exists, in spite of a formal issue raised by the pleadings. Engl v. Ætna Life Ins. Co., 2 Cir., 139 F.2d 469; Fletcher v. Krise, 73 App.D.C. 266, 120 F.2d 809; Schreffler v. Bowles, 10 Cir., 153 F.2d 1. In the present case, defendants had their day in court with respect to this question. It was not for the Court to speculate about facts, which, if presented by the evidence, might have defeated the class suit theory. Railway Express Agency v. Jones, 7 Cir., 106 F.2d 341, 343. The Court ruled against them; the judgment was not appealed. The Court in considering the present motion is controlled by the terms of the judgment previously entered.

 The defendants also contend that the motion to intervene comes too late. However, it was held by the Court of Appeals for this Circuit in System Federation No. 91 v. Reed, 180 F.2d 991, that intervention after entry of judgment was permissible to members of the class in whose behalf the action was originally filed, even though such intervenors were not specifically named parties in the original action. The intervening petition now being considered is based upon the claim that the intervenors are members of the class for whom the original action was filed. Such a claim entitles them to file the intervening petition. Whether or not the claim can be later sustained by proof, if issue is taken with it, is not before the Court at the present time.

Defendants also contend that the question presented by the original complaint was one which required consideration and adjudication by a three-judge court, which contention was made by them before the entry of the judgment. 28 U.S.Code, § 2281. In my opinion, this contention is unsound. The same question was raised in the case of Gray v. Board of Trustees of the University of Tennessee, D.C.E.D.Tenn., N.D., 100 F.Supp. 113, and there considered and rejected by the writer of this memorandum. The opinion in that case gives the reasons for rejecting defendants' similar contention in the present case. See also City of Paducah v. Shelbourne, U. S. District Judge, 341 U.S. 902, 71 S.Ct. 609. It follows that petitioners' alternate prayer for a three-judge court should be disregarded.

The motion to file the intervening petition is sustained.