**John APPLEGATE, Plaintiff,**

**v.**

**WATERFRONT COMMISSION OF NEW YORK HARBOR, George Price Hays and Edward C. Rose, as Commissioners for the States of New York and New Jersey respectively, of the Waterfront Commission of New York Harbor, Defendants.**

United States District Court,
S. D. New York.
Feb. 15, 1955.

Henry A. Lowenberg, New York City, for plaintiff.

Irving Slonim, New York City, Whitman Knapp, New York City, of counsel, for defendant.

BICKS, District Judge.

Defendants move pursuant to Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint on the grounds that it fails to allege any basis for federal jurisdiction and to state a claim upon which relief can be granted.

The complaint refers to the Waterfront Commission Acts enacted by the states of New York and New Jersey, McK.Unconsol.Laws N.Y. § 6700–aa et seq., N.J.S.A. 32:23–1 et seq., and the consent of Congress, Act Aug. 12, 1953, 67 Stat. 541, to so much of such legislation as was designated the Waterfront Commission Compact, and then alleges that (i) the plaintiff has been employed as a longshoreman on the piers of New York Harbor since 1936; (ii) was included in the longshoremen's register; (iii) a longshoreman's registration card was issued to him by the Waterfront Commission; (iv) despite the issuance of said card and that it has never been suspended or revoked the plaintiff has not been allowed to work on the piers by the Waterfront Commission; (v) the commission does not have the power to rescind the registration card; and (vi) the matter in controversy exceeds, exclusive of interest and costs, the sum of three thousand dollars. The relief sought is that the plaintiff be allowed to work on the piers of New York Harbor pursuant to the registration card issued to him by the defendants and that defendants be restrained from interfering with the plaintiff working on the said piers. It is not asserted that the action arises under the Constitution, laws or treaties of the United States; neither is diversity of citizenship alleged. From the nature of the relief prayed for it may be inferred that plaintiff founds this action on an alleged violation of his constitutional rights.

The Waterfront Commission Act is not attacked as unconstitutional[1]. Plaintiff's position apparently is that an official or agent of the commission, acting ultra vires, is depriving him of a constitutional right. Procedures exist in the New York State courts to test the legality of the alleged action by the commission or its agents and to obtain appropriate relief.

The relief sought may be granted by this Court only when it appears that an asserted federal right cannot otherwise be preserved. Alabama Public Service Commission v. Southern Ry Co., 1951, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002. There has been no such demonstration in this case and the motion to dismiss the complaint accordingly is granted.

[1]. The Act, insofar as it relates to longshoremen, has been held constitutional. Linehan v. Waterfront Commission, D.C., 116 F.Supp. 683.