August WREIOLE, William Padzunis, Jesus Gonzales and Anthony Loori, Plaintiffs,

v.

WATERFRONT COMMISSION OF NEW YORK HARBOR, George Price Hays and Joseph Weintraub, as Commissioners for the States of New York and New Jersey, respectively, members of the Waterfront Commission of New York Harbor, Defendants.

United States District Court
S. D. New York.
June 9, 1955.

William B. Mischo, New York City, for plaintiffs. Nicholas LaCarruba, Brooklyn, N. Y., Leo N. Knoblaugh, Jersey City, N. J., of counsel.

Samuel M. Lane, Gen. Counsel to Waterfront Commission of New York Harbor, New York City, for defendants. Irving Slonim, Donald Zimmerman, New York City, Daniel B. Berkson, Brooklyn, N. Y., of counsel.

DAWSON, District Judge.

This is an action for damages and for an injunction to restrain the Waterfront Commission of New York Harbor from enforcing the suspension of the license of the plaintiff Wreiole as Hiring Agent and Pier Superintendent and from enforcing the suspension of the licenses of other plaintiffs as longshoremen. The complaint alleges in substance that while a hearing was in progress before the Waterfront Commission to determine whether the licenses should be revoked and cancelled, and prior to a determination thereof by the Hearing Officer, the Commission summarily suspended the licenses of the plaintiffs and that such action was without foundation or merit. Plaintiffs contend that this Court has jurisdiction over the action under the provisions of Tit. 42, U.S.C.A. § 1983.[1] This statute relates to persons who allege that they are being deprived of rights, privileges and immunities secured by the Federal Constitution and laws. The plaintiffs contend that they are being deprived of rights guaranteed them by the Fifth and Fourteenth Amendments to the United States Constitution.

There are before this Court now two motions. The plaintiffs move for a preliminary injunction. The defendants move for judgment dismissing the complaint on the grounds that (1) the complaint fails to state a claim upon which relief can be granted by this Court; and (2) the complaint shows on its face that the Court lacks jurisdiction of the subject matter of the action.

The Waterfront Commission of New York Harbor is authorized by law to carry out the provisions of the Waterfront Commission Compact, which Compact contains a comprehensive plan for the regulation of employment on the waterfront of New York. It has been enacted into law in the States of New York and New Jersey and, since it is an interstate Compact, it has received the consent of Congress.[2]

The constitutionality of the law has been sustained. Linehan v. Waterfront

---

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. N.Y.Laws of 1953, cc. 882, 883, McK. Unconsol.Laws, § 6700–aa et seq.; N.J. Laws of 1953, cc. 202, 203, N.J.S.A. 32:-23–1 et seq.; Act Aug. 12, 1953, 67 Stat. 541, Public Law 252, c. 407, 83rd Cong., 1st Sess.

Commission of New York Harbor, D.C. S.D.N.Y.1953, 116 F.Supp. 683, 684, affirmed 1954, 347 U.S. 439, 74 S.Ct. 623, 98 L.Ed. 826.

The Court, in sustaining the constitutionality of the law, pointed out that the law authorizes the Commission in its discretion to deny registration for employment to men who have been found guilty of specified crimes or " 'whose presence at the piers or other waterfront terminals in the Port of New York district is found by the commission on the basis of the facts and evidence before it, to constitute a danger to the public peace or safety.' "

The plaintiffs in the present action contend that the Commission, in suspending their licenses during the course of the hearings then in progress before it, acted *ex parte* and before all of the evidence relating to the revocation of the licenses had been presented to the Commission. However, such temporary suspension of a license or registration pending the determination of a hearing is expressly provided for by Article XI, subd. 4 of the Compact:

"Pending the determination of such hearing pursuant to Section 3, the commission may temporarily suspend a license or registration if in the opinion of the commission the continuance of such license or registration for such period is inimicable to the public peace or safety."

■ The plaintiffs are, therefore, contending in effect that the said provision of the Compact is unconstitutional as violative of the rights, powers, and privileges secured by the Federal Constitution. However, an injunction restraining the enforcement and operation of any State Statute on such ground may not be granted by this Court unless the application is heard and determined by a Three-Judge Court. Tit. 28 U.S.C. § 2281. The procedure for convening a Three-Judge Court is set forth in Tit. 28 U.S.C. § 2284. No application has been made in the instant case for the convening of a Three-Judge Court, nor has there been proof presented that notice of the present application has been given to the Governors and the Attorneys-General of the States of New York and New Jersey, as required by subdivision (2) of the aforesaid section. This Court is, therefore, without authority to determine so much of this motion as seeks an injunction to restrain the operation of the aforesaid State Statute.

■ Nor is there any basis shown in the papers for an interlocutory injunction. In order to warrant the extraordinary relief of an injunction restraining the operation of a State Statute, a plaintiff has to plead irreparable damages and special circumstances and show that relief is not available to him in the State Courts. Unless such extraordinary conditions exist, the Federal Courts should not issue an injunction restraining the operation of a State Statute. Hawks v. Hamill, 1933, 288 U.S. 52, 60, 53 S.Ct. 240, 77 L.Ed. 610; Lineham v. Waterfront Commission of New York Harbor, supra.

■■ In the present situation, the plaintiffs have a proper and adequate remedy to review the Commission's discretionary action under Art. 78 of the Civil Practice Act of New York. In such a proceeding, the plaintiffs could apply for an immediate stay of the Commission's orders. Sec. 1299, N.Y.Civ.Prac. Act. Therefore, even if the Federal Courts had jurisdiction, the intervention of a Federal Court is not necessary for the protection of the Federal rights. A plaintiff under these circumstances is not entitled to relief from a Federal Court for he has not shown that the Federal rights could not be preserved by proper proceedings in the State Courts. Alabama Public Service Commission v. Southern Railway Co., 1951, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002; Applegate v. Waterfront Commission of New York Harbor, D.C.S.D.N.Y.1955, 129 F. Supp. 71. No such showing has been made in this case; nor does the com-

plaint allege facts which would present such an issue.

Plaintiffs' motion for a preliminary injunction is denied.

Defendants' motion for judgment dismissing the complaint is granted.

So ordered.