Saul S. Street, J.
This is a motion by John Bowers, vice-president and business agent of Local 824 of the International Longshoremen’s Association (Ind.), to vacate a subpoena which directs him to produce various specified books and records of the local at the office of the Waterfront Commission of New York Harbor (hereinafter referred to as the “ Commission ”).
The motion is based on two grounds: (1) that the Commission had no authority to issue the subpoena, and (2) that Bowers is not the custodian of the books and records, does not have them in his possession, and is not entitled to the possession thereof.
*633 The Commission was established as the result of a “ Compact” between the States of New York and New Jersey, approved by Congress (67 TJ. S. Stat. 541). The Compact embodies the findings of the Legislatures of both said States regarding the conditions under which waterfront labor was then employed, the elimination of which was the declared purpose of the Compact and of the legislation passed by the respective States. These findings (67 U. S. Stat., pp. 541, 542) include references to “ corrupt hiring practices and the fact that persons conducting ■ such hiring are frequently criminals and persons notoriously lacking in moral character and integrity and neither responsive or responsible to the employers nor to the uncoerced will of the majority of the members of the labor organisations of the employees ” (italics supplied). There is also a finding of ‘ ‘ corrupt practices * * * to induce officers and representatives of labor organizations to betray their trust to the members of such labor organizations. ’ ’ To combat these and other declared evils the Commission was expressly given the power, by the Compact (art. IV, § 8), to “ issue subpoenas * * * to compel the attendance of witnesses * * * and the production of * * * evidence,” (art. IV, § 11) “ To make investigations, collect and compile information concerning waterfront practices generally within the port of New York district and upon all matters relating to the accomplishment of the objectives of this compact ”, and (art. IV, § 13), “ To make annual and other reports to the Governors and Legislatures of both States containing recommendations for the improvement of the conditions of waterfront labor within the port of New York district, for the alleviation of the evils described in Article I [of the Compact] and for the effectuation of the purposes of this compact.” (67 U. S. Stat. 544.)
Section 8 (of Part III) of the Waterfront Commission Act (L. 1953, ch. 882, as amd.; L. 1953, ch. 883), not part of the Compact submitted to Congress for approval and approved by the latter, provides that:
“ No person shall solicit, collect or receive any dues, assessments, levies, fines or contributions within the state from employees registered or licensed pursuant to the provisions of this act for or on behalf of any labor organization representing any such employees, if any officer or agent of such organization has been convicted by a court of the United States, or any state or territory thereof, of a felony unless he has been subsequently pardoned therefor by the governor or other appropriate authority of the state or jurisdiction in which such conviction was had or has received a certificate of good conduct from the board of *634 parole pursuant to the provisions of the executive law to remove the disability.
“ As used in this section, the term ‘ labor organization ’ shall mean and include any organization which exists and is constituted for the purpose in whole or in part of collective bargaining, or of dealing with employers concerning grievances, terms and conditions of employment, or of other mutual aid or protection; but it shall not include a federation or congress of labor organizations organized on a national or international basis even though one of its constituent labor organizations may represent persons so registered or licensed.”
The affidavit submitted by the Commission, in opposition to this motion, states that the Commission received information that John Keefe and John Applegate, ex-felons, had received over $12,000 and $6,000, respectively, from Local 824, during the year 1957, and that, accordingly, an investigation was commenced to ascertain whether section 8 (supra) was being violated. Keefe and Applegate refused to testify, invoking the privilege against self incrimination, and the Commission therefore decided to subpoena the local’s records to determine whether Keefe and Applegate had been the recipients of payments from the union.
It seems clear that the Commission was expressly authorized, by the provisions of the Compact previously quoted, to issue the subpoenas sought to be vacated in their investigation of waterfront practices which it was the object of the Compact to eliminate, such as the hiring of waterfront labor by criminals not “ responsive or responsible to the employers nor to the uncoerced will of the majority of the members of the labor organizations of the employees ”. These, are “ matters relating to the accomplishment of the objectives of this compact”, within the meaning of section 11 of article IV of the Compact, conferring upon the Commission the right to make investigations. The power of subpoena granted by section 8 of the same article is obviously intended for use in connection with the' investigations which the Commission is empowered to make.
The movant claims, however, that the Commission, a bi-State agency created by the Compact, which required Congressional approval, may not investigate waterfront practices relating to a possible violation of section 8 (supra) of the Waterfront Commission Act, because the Compact, as approved by Congress, expressly provided that it was not designed and was not to be construed to limit the right of employees to bargain collectively and act ‘ through labor organizations * * * of their own choosing” (Compact, art. XV [67 U. S. Stat. 557]). Accord *635 ing to the movant, the provisions of section 8 {supra) which are not part of the Compact, as previously observed, would limit the right of employees to act through representatives of their own choosing, by preventing any union which employed an ex-felon as officer or agent from collecting or receiving any dues, assessments, levies, fines or contributions from employees licensed to work on the waterfront. The practical result, it is urged, would be that no union may exist, by reason of lack of funds, if any officer or agent is an ex-felon.
In the court’s opinion, there is no merit to the movant’s contention that the Commission, in investigating possible violations of section 8 {supra) is doing anything inconsistent with the provisions of article XV of the Compact. That article appears to have been intended merely to ensure that nothing therein contained would be construed to prevent waterfront labor (1) from unionizing itself or (2) from acting through representatives chosen by themselves, rather than by others. Section 8 {supra) does not interfere with either of these rights. It at most, in practical effect, tends to compel waterfront labor to choose representatives who are not ex-felons, without in any way dictating who the representatives shall be.
The reservation in article XV of the Compact is substantially identical with that contained in section 7 of the National Labor Relations Act (U. S. Code, tit. 29, § 157) and section 17 of article I of the New York State Constitution, both of which give employees the right to organize and bargain ‘ through representatives of their own choosing.” In De Veau v. Braisted (5 A D 2d 603) the Appellate Division (2d Dept.) held that section 8 of the Waterfront Commission Act does not conflict with section 7 of the National Labor Relations Act (p. 613) and that it is constitutional (p. 614). In International Longshoremen’s Assn. v. Hogan (3 Misc 2d 893) Mr. Justice Heoht made a similar holding (see, also, other cases cited in De Veau v. Braisted, supra, p. 613). These authorities compel the conclusion that section 8 {supra) is not inconsistent with article XV of the Compact.
So much for the movant’s attack upon the Commission’s authority to issue the subpoenas. We turn now to the claim of lack of possession or right to possession in Bowers. It is not at all clear that this claim applies to all the books and records called for in the subpoena. His affidavit merely states that he does not possess “-all of the records.” It is, therefore, not inconsistent with the possibility that he does possess some or many of them. In the circumstances, it not appearing clearly *636 that Bowers is unable to produce at least some of the documents required, the motion to quash the subpoena is denied. If Bowers, on the return of the subpoena, claims inability to produce any of the documents, his veracity may be tested on a motion to punish for contempt.
Motion denied.