Cornelius NICHOLS, Petitioner,

v.

Richard A. McGEE, Director, California State Department of Corrections, et al., Respondents.

Misc. No. 1187.

United States District Court
N. D. California, N. D.

Jan. 23, 1959.

Cornelius Nichols, in pro. per.

No appearance for defendants.

HALBERT, District Judge.

Plaintiff has submitted to this Court a complaint, which is accompanied by a motion in which he asserts that he is, by reason of his poverty, entitled to proceed in forma pauperis. By his motion he seeks leave to so proceed.

Leave to proceed in forma pauperis is a privilege and not a right (Clough v. Hunter, 10 Cir., 191 F.2d 516; Willis v. Utecht, 8 Cir., 185 F.2d 210; Johnson v. Hunter, 10 Cir., 144 F.2d 565; Prince v. Klune, 80 U.S.App.D.C. 31, 148 F.2d 18; and Dorsey v. Gill, 80 U.S.App. D.C. 9, 148 F.2d 857), and a duty is imposed on this Court to examine any motion seeking leave to proceed in forma pauperis, in the light of the documents submitted in connection with it, to determine whether the proposed proceeding has merit. If, after an examination of the proposed proceeding, it is apparent that it is without merit, the Court is duty bound to deny the motion seeking leave to proceed in forma pauperis (Higgins v. Steele, 8 Cir., 195 F.2d 366; Huffman v. Smith, 9 Cir., 172 F.2d 129; Tate v. People of State of California, 9 Cir., 187 F.2d 98; Gilmore v. United States, 8 Cir., 131 F.2d 873; and Fisher v. Cushman, 9 Cir., 99 F.2d 918). It is with these fundamental rules in mind that the Court has examined and considered the complaint, which plaintiff, by his motion, seeks to file.

By his proposed complaint, plaintiff seeks to convene a three-judge court (Title 28 U.S.C.A. § 2281) for the purpose of restraining respondents (State officials charged with the administration of California prisons) from continuing certain practices which, it is alleged, are violative of the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution. Should such relief be denied, plaintiff alternatively asks this Court to require his transfer to another prison where such practices do not exist.

Plaintiff is presently an inmate of the California State Prison at Folsom, in which said prison he is confined under the California indeterminate sentence law for the crime of attempted robbery while armed. The complaint does not question the validity of plaintiff's commitment, but alleges that while lawfully confined he is subjected to systematic segregation, discrimination and degradation solely on account of his race.

Specifically, it is alleged that plaintiff is required to join an exclusively Negro line formation when proceeding to his assigned cellblock for daily lockup; that he is there lodged in an exclusively Negro cell within said cellblock; that he is required to join an exclusively Negro line formation for tally purposes; that he is required to join an exclusively Negro line when proceeding into the prison dining halls; and that he is required to eat in a walled-off and exclusively Negro compartment in said dining halls. In addition to its being segregated, plaintiff alleges that the Negro dining area would be dangerous in the event of fire or disorder, as it is located furthest from the available exits.

Plaintiff admits that this segregation is neither required, nor authorized, by the codified laws or the statutes of California, but that it is maintained at Folsom Prison pursuant to the oral directions of respondents. It is argued, however, that such segregation is State action which, psychologically, causes a loss

of self-respect, thereby making it difficult for plaintiff to effect the same degree of rehabilitation possible for unsegregated prisoners of other races and, therefore, that this is not permissible in a public, tax supported penal institution of the State of California. In support of this argument, plaintiff cites Brown v. Board of Education of Topeka, Shawnee County, Kan., 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873.

Plaintiff has been before this Court previously, and it has been pointed out to him that the jurisdiction of this Court is limited and may never be presumed, but must, in fact, be affirmatively alleged and shown in all cases (McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, and Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462). This is especially true where, as here, jurisdiction is alleged to exist under § 2281 of Title 28, U.S.C.A. (See Hâgue v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423, and Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111).

An examination of the factual allegations of plaintiff's proposed complaint, which, for the purposes of this motion are assumed to be true, shows that plaintiff is seeking to draw into issue the constitutionality not of a statute, but of a departmental policy or regulation. Where the issue is one of actual discrimination, rather than the constitutionality of a State law, the issue is factual and may not properly be addressed to a three-judge court (Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249; Sealy v. Department of Public Instruction of Pennsylvania, 3 Cir., 252 F.2d 898, certiorari denied 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed.2d 1149; Wichita Falls Junior College Dist. v. Battle, 5 Cir., 204 F.2d 632, certiorari denied 347 U.S. 974, 74 S.Ct. 783, 98 L.Ed. 1114; and Wilson v. City of Paducah, D.C., 100 F.Supp. 116), for the explicit language of § 2281 of Title 28, U.S.C.A., limits the jurisdiction of a three-judge court to consideration of statutes (See also Sweeney v. State Board of Public Assistance, D.C.,

36 F.Supp. 171, appeal denied D.C., 36 F.Supp. 973, affirmed 3 Cir., 119 F.2d 1023, certiorari denied 314 U.S. 611, 62 S.Ct. 74, 86 L.Ed. 491, and Gully v. Interstate Natural Gas Co., 292 U.S. 16, 54 S.Ct. 565, 78 L.Ed. 1088).

As no issue is presented which might properly be presented to a three-judge court, this Court may proceed to an individual determination of the merits of plaintiff's proposed complaint (Lee v. Roseberry, D.C., 94 F.Supp. 324).

A fatal defect of plaintiff's proposed complaint, especially in view of the extraordinary relief which he prays for, is his failure to show that the asserted Federal rights, which he contends have been infringed, could not be preserved by proper proceedings in the State courts (Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002, and Wreiole v. Waterfront Commission of New York Harbor, D.C., 132 F.Supp. 166). In this connection it should be noted that public officials are presumed to do their duty and do not act in an unauthorized manner (Rawls v. United States, 10 Cir., 166 F.2d 532, and Wall v. Hudspeth, 10 Cir., 108 F.2d 865). This Court must assume, and it does assume, that the courts of the State of California will do their duty and fully protect all of the legal rights secured to the plaintiff under the Constitution and the laws of the United States (See Hawk v. Jones, 8 Cir., 160 F.2d 807; Pebley v. Knotts, D. C., 95 F.Supp. 283; and Johnson v. Wilson, D.C., 45 F.Supp. 597).

Even if recourse had first been had to the courts of California, plaintiff's proposed complaint could state no cause of action in this Court. By no parity of reasoning can the rationale of Brown v. Board of Education, supra, be extended to State penal institutions where the inmates, and their control, pose difficulties not found in educational systems. Federal courts have long been loath to interfere in the administration of State prisons (United States ex rel Wagner v. Ragen, 7 Cir., 213 F.2d 294;

Adams v. Ellis, 5 Cir., 197 F.2d 483; Curtis v. Jacques, D.C., 130 F.Supp. 920; and United States ex rel. Yaris v. Shaughnessy, D.C., 112 F.Supp. 143). The acts complained of in the instant complaint do not show a sufficiently grave and substantial interference with any right of plaintiff, which reaches such constitutional magnitude as would justify the intervention of this Court (See e. g., Piccoli v. Board of Trustees and Warden of State Prison, D.C., 87 F. Supp. 672).

For the reasons, which have been noted above, plaintiff could avail himself nothing by filing his proposed complaint. It follows then that his motion seeking permission to proceed in forma pauperis must be denied.

It is, therefore, ordered that plaintiff's motion to file his proposed complaint in forma pauperis be, and the same is, hereby denied.