## (June 11, 1959)

■ In the Matter of GEORGE BARONE, Appellant. WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent. In the Matter of DOUGLAS RAGO, Appellant. WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.

APPEAL from an order of the Supreme Court at Special Term, entered April 16, 1959, in New York County, which denied a motion by petitioners for an order vacating subpœnas duces tecum served upon them by respondent.

Order appealed from affirmed.

STEVENS, J. (dissenting). I dissent and vote to reverse the order appealed from and to grant the motion to quash the subpœnas duces tecum. The stated purpose of the present investigation is to gather all relevant facts concerning

"whether and how many members of Local 1826 who had been denied registration * * * as longshoremen" because of criminal records "had remained on the piers * * * as chenangoes" and "whether and how many officers and/or agents of Local 1826 had been convicted of felonies." The commission indicates this is with the view of making further recommendations to the Legislature, if necessary, so as to extend the definition of longshoremen.

It is agreed that chenangoes "are not required to be registered with the Waterfront Commission, the union representing them is not subject to the provisions of Section 8 of the Waterfront Commission Act".

The power of investigation is and should be broader than that of jurisdiction. However, there should be a clear showing of the materiality and relevancy to the investigation of the documents sought especially when the inquiry is extended into an area or body over which the commission does not exercise jurisdiction. (Cf. *Carlisle* v. *Bennett*, 268 N. Y. 212.) Mere enumeration and general assertion does not meet that burden.

Even under a liberal view the materiality and relevancy of most if not all of the books and records listed in the subpœnas are not apparent, nor in the view I take is that deficiency supplied by the supporting affidavit. (Cf. *Matter of Dawn Operators* v. *Lyon*, 283 App. Div. 358.)

Breitel, J. P., Rabin, M. M. Frank and McNally, JJ., concur in decision; Stevens, J., dissents and votes to reverse in opinion.

Order affirmed, with $20 costs and disbursements to the respondent.