Application of Henry F. BELL, Petitioner, to vacate and set aside a subpoena duces tecum served upon him as President of Local 1804-1 of the International Longshoremen's Association (AFL-CIO)

v.

WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.

Application of Henry F. BELL, Petitioner, to vacate and set aside a subpoena duces tecum served upon him as President of Local 1804 of the International Longshoremen's Association (AFL-CIO)

v.

WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.

United States District Court
S. D. New York.
April 14, 1960.

176

Gilbert S. Rosenthal, New York City, for petitioner.

William P. Sirignano, New York City, General Counsel and Attorney for Waterfront Commission of New York Harbor, Irving Malchman, New York City, of counsel.

DIMOCK, District Judge.

These are two motions by plaintiff, as president of Locals 1804 and 1804–1 International Longshoremen's Association (AFL-CIO) and in behalf of their members, for orders vacating two subpoenas duces tecum issued by the Waterfront Commission of New York Harbor, hereinafter Waterfront Commission. The two subpoenas are identical except that one is addressed to plaintiff as president of Local 1804 and the other to him as president of Local 1804–1. The motions originated as two independent proceedings but, when the objection was made by the Waterfront Commission that the federal court had no jurisdiction to entertain proceedings other than plenary suits, plaintiff caused to be served summonses and complaints in actions for an injunction against enforcement of each subpoena. That objection was thus obviated and I shall consider the motions as if made for summary judgment.

The first claim upon which plaintiff bases his motions is the unconstitutionality of the act creating the Waterfront Commission. That was enacted by the States of New York and New Jersey. N.Y.Laws, 1953, c. 882, McK.Unconsol. Laws §§ 6700–aa et seq.; N.J.Laws, 1953, c. 202, N.J.S.A. 32:23–1 et seq. Inasmuch as it embodied a compact between the states, congressional approval was obtained. Act of August 12, 1953, c. 407, 67 Stat. 541.

■■ Since plaintiff made no application for a three-judge court under section 2281 of title 28 U.S.Code, the District Court is without jurisdiction to pass upon the question of the constitutionality of the Waterfront Commission Act. Wreiole v. Waterfront Commission of New York Harbor, D.C.S.D.N.Y., 132 F.Supp. 166. Had the application been made, however, I would have followed Judge Irving Kaufman and denied it on the ground that the question was so insubstantial as not to warrant submission to a three-judge court. Bradley v. Waterfront Comm. of New York Harbor, D.C.S.D.N.Y., 130 F.Supp. 303.

Plaintiff says next that the field entered by the Waterfront Commission in issuing the subpoenas has been pre-empted by the federal government by the enactment of the National Labor Relations Act, 29 U.S.C. § 151 et seq., the Labor Management Relations Act of 1947, 29 U.S.C. § 141 et seq., and the Labor-Management Reporting and Disclosure Act of 1959, P.L. 86–257, 86th Congress, Sept. 14, 1959, 73 Stat. 519, 29 U.S.C. §§ 401–531. This is not an issue which must be submitted to a three-judge court. Cloverleaf Butter Co. v. Patterson, 5 Cir., 116 F.2d 227, reversed on other grounds 315 U.S. 148, 62 S.Ct. 491, 86 L.Ed. 754.

■ So far as the National Labor Relations Act and the Labor Management Relations Act are concerned, the contention of pre-emption, as pointed out by Judge Irving Kaufman in Bradley v. Waterfront Comm. of New York Harbor, D.C.S.D.N.Y., 130 F.Supp. 303, 312, supra, has been disposed of in Linehan v. Waterfront Commission of New York Harbor, D.C.S.D.N.Y., 116 F.Supp. 683, affirmed without opinion 347 U.S. 439, 74 S.Ct. 623, 98 L.Ed. 826, and Staten Islands Loaders v. Waterfront Commission, D.C.S.D.N.Y., 117 F.Supp. 308, affirmed without opinion 347 U.S. 439, 74 S.Ct. 623, 98 L.Ed. 826.

I thus pass to the claim of pre-emption by the Labor-Management Reporting and Disclosure Act of 1959, hereinafter referred to as the Disclosure Act.

■■ Preliminarily, defendant says that plaintiff must exhaust state remedies against the subpoenas before resort to the federal court. Exhaustion of state remedies is not required where the defendant seeks to proceed under a statute invalid because of conflict with the federal constitution or laws and where the plaintiff would be irreparably damaged unless defendant were enjoined. See Toomer v. Witsell, 334 U.S. 385, 391–392, 68 S.Ct. 1156, 92 L.Ed. 1460; cf. Alabama Public Service Comm. v. Southern R. Co., 341 U.S. 341, 344, 71 S.Ct. 762, 95 L.Ed. 1002. The unauthorized seizure of one's papers, if unlawful, and thus an in-

jury, is an irreparable injury. See Hague v. Committee for Industrial Organization, 3 Cir., 101 F.2d 774, 781, modified on other grounds 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423.

That brings me back to the question whether the Disclosure Act has superseded the provisions of the Waterfront Commission Act under which the subpoenas were issued.

The answer to that question has been made very clear by a provision of the Disclosure Act. Section 603(a) provides:

"Except as explicitly provided to the contrary, nothing in this Act shall reduce or limit the responsibilities of any labor organization or any officer, agent, shop steward, or other representative of a labor organization, or of any trust in which a labor organization is interested, under any other Federal law or under the laws of any State, and, except as explicitly provided to the contrary, nothing in this Act shall take away any right or bar any remedy to which members of a labor organization are entitled under such other Federal law or law of any State."

Nowhere in the Act is anything "expressly provided" which would rob section 603(a) of its full force and effect with respect to the responsibility of plaintiff to obey the subpoenas here in question.

The power of Congress to leave intact a part of state jurisdiction which would otherwise have been pre-empted by federal legislation is clear. Garner v. Teamsters, etc., Union, 346 U.S. 485, 501, 74 S.Ct. 161, 98 L.Ed. 228.

Thus if, but for the Disclosure Act, plaintiff Locals were under responsibility to obey the subpoenas here issued that responsibility has not been reduced or limited. The Waterfront Commission's power to subpoena union records has been established. Local 824, etc. v. Waterfront Comm. of New York Harbor, Supreme Court, N. Y. County, 16 Misc.2d

632, 182 N.Y.S.2d 481, affirmed 7 A.D.2d 630, 179 N.Y.S.2d 843, appeal dismissed 6 N.Y.2d 861, 188 N.Y.S.2d 562, 160 N.E. 2d 93, certiorari denied 361 U.S. 835, 80 S.Ct. 87, 4 L.Ed.2d 76; Barone v. Waterfront Comm., Supreme Court, N. Y. County, 18 Misc.2d 1066, 187 N.Y.S.2d 617, affirmed 8 A.D.2d 783, 187 N.Y.S.2d 622, affirmed 6 N.Y.2d 980, 191 N.Y.S.2d 946, 161 N.E.2d 734. The Locals' responsibility to respond to the subpoenas thus remains.

Finally plaintiff says (a) that the subpoenas are too broad and (b) that to compel the Locals to comply with the direction of the subpoenas to furnish social security reports would violate section 1106 of the Social Security Act, 53 Stat. 1398, as amended, 42 U.S.C. § 1306 (a), which prohibits disclosure of certain documents. Plaintiff fails to demonstrate how the breadth of the subpoena involves any substantial federal question or even any violation of state law. To the extent that contention (b) above raises a federal question plaintiff is not entitled to have a decision by a federal court before he has exhausted the procedure afforded by the state to review the action of its creature issuing the subpoenas. It is only in the exceptional case of proceeding under an invalid state law that exhaustion of state remedies is not required and here there is no contention that the state law in terms requires the production of social security reports. Toomer v. Witsell, 334 U.S. 385, 68 S.Ct. 1156, 92 L.Ed. 1460, supra. Here the state affords a remedy against the subpoenas, see, e. g., Barone v. Waterfront Comm., Supreme Court, N. Y. County, 18 Misc.2d 1066, 187 N.Y.S.2d 617, supra, and plaintiff has not availed himself of it. In such a case the federal court does not dismiss the complaint but stays its hand until the state remedy has been exhausted. Harrison v. N.A.A.C.P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152.

Plaintiff's motions for summary judgment are denied. While defendant has not cross-moved for summary judgment, such a formal motion is not neces-

sary where no issue of fact is in dispute. Dickhoff v. Shaughnessy, D.C.S.D.N.Y., 142 F.Supp. 535.

Judgments are therefore directed dismissing the complaints except insofar as they seek injunctions against the enforcement of the command of the subpoenas for the production of social security reports. To that extent the complaints stand but plaintiff is stayed from proceeding here until he has exhausted state remedies.