Clarence H. SENIORS, Appellant,

v.

Luke ARNOLD and William B. Hartsfield, Appellees.

No. 18458.

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1960.

------♦------

Len Holt, Joe Jordan, Ed Dawley, Norfolk, Va., Henry Halvor Jones, Washington, D. C., for appellant.

Newell Edenfield, J. C. Savage, Atlanta, Ga., for appellees.

Before RIVES, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

RIVES, Chief Judge.

The appellant *pro se* sued on behalf of himself and of other Negro citizens of Atlanta, Georgia, seeking a declaratory judgment and injunction to prohibit racially segregated seating in the Atlanta Municipal Court. He named as defendants Honorable Luke Arnold, the Chief Judge of said Court; the City of Atlanta; and Honorable William B. Hartsfield, the Mayor of said City. The substantial factual averments forming the basis of the complaint appear in paragraphs numbered 10 and 12, as follows:

"10. That the plaintiff did attend the aforementioned Municipal Court on or about 25 April 1960 and was forced to occupy a seat in the section reserved for colored. And while so segregated racially did observe that the courtroom maintained separate lock-up sections, restrooms and other facilities on a basis of racial segregation.

\* \* \* \* \*

"12. That the judges and other city officials intend to maintain and continue racial segregation in and about the Municipal Court until this Court orders them to stop."

The defendants filed a motion to dismiss, assigning the following grounds:

"A. Because, in the exercise of the Court's discretion, the Court should decline jurisdiction of the claim on the ground that the question involved is one affecting the internal operations of a State Court and within its power to regulate. (Dawley v. City of Norfolk (4th Cir. 1958) 260 Fed.2d 647, Cert. Den. 359 U.S. 935 [79 S.Ct. 650, 3 L.Ed. 2d 636].)

"B. Because, so far as appears, plaintiff has an adequate remedy in the State Court in question and has made no effort to have his complaint redressed in said State Court or any State Court. (Dawley v. City of Norfolk [D.C.], 159 Fed.Supp. 642 (4) ; Com. of Pa. v. Williams, 294 U.S. 176, 79 L.Ed. 841, 55 S.Ct. 380; Nichols v. McGee [D.C.], 169 F. Supp. 721, App. Dismissed [361 U.S. 6, 80 S.Ct. 90], 4 L.Ed.2d 52).

"C. Because the petition discloses no danger of immediate irreparable injury to the plaintiff and because the effect of the judgment sought would be to interfere with the administration of state prisons and state criminal laws, contrary to equitable principles and to numerous decisions of the Federal Courts. (Dawley v. City of Norfolk [D.C.], 159 F.Supp. 642, headnotes 5 and 6; Nichols v. McGee [D.C.], 169 F. Supp. 721, App. Dismissed [361 U.S. 6, 80 S.Ct. 90], 4 L.Ed.2d 52; Douglas v. [City of] Jeannette, 319 U.S. 157, 87 L.Ed. 1324, 63 S.Ct. [877] 887)

"D. Because it nowhere appears from plaintiff's petition that the defendants, or either of them, are in charge of seating arrangements in the Courtroom in question, or segregation (if any) of persons in the City Jail, or that if said defendants did have control of said premises that they, or either of them, directed or ordered that plaintiff be segregat-

**108**

ed, or that they even knew of the occurrence. (Dawley v. City of Norfolk [D.C.], 159 F.Supp. 642, headnotes 7 and 8)"

Instead of amending his complaint, the plaintiff filed a motion for summary judgment and an "Answer to Motion to Dismiss" in which he alleged:

"Congress has given to its citizens the right to seek redress in federal courts from the abominable practices of apartheid. It takes something far more compelling than the naked assertion that the doors of the state courts are open to abrogate this right. Though technically state courts are open, in reality they are closed. There is not a Georgia State Court created which would—or could —grant a Negro plaintiff justice in a suit such as this, one seeking equality and dignity for a Negro. * * *

"The Municipal Court is an agency of the City of Atlanta. The City of Atlanta controls its agencies. The mayor is the chief executive. The Chief Judge is in charge of the Municipal Courts and is an agent of the City. The acts of agents of the City within the scope of their authority are acts of the City. The City is a defendant in this suit and was sued by naming its chief executive. The allegations have said as much. * * *

"The defendant City, Mayor, and Chief Judge are capable of, and did in fact act through agents. Personal knowledge on the part of the Mayor or Chief Judge is not a prerequisite. Nor is personal participation in the obnoxious practice of racial segregation a requirement."

The district court sustained the defendant's motion to dismiss and dismissed the complaint.

Until the racially segregated seating has, in some manner, been called to the attention of the judge presiding over said court, and he has refused redress, it is clear that the complaint discloses no necessity for a declaratory judgment or for an injunction, and that the district court acted well within its discretion in dismissing the complaint. It is neither necessary nor appropriate for us to assume that the judge presiding over the Atlanta Municipal Court would have refused to relieve the plaintiff and other members of the class from any requirement of racially segregated seating in the courtroom, and, upon such an assumption, to decide whether or not the federal courts should abstain from exercising their jurisdiction until redress has been sought through other courts of the State.

The judgment is
Affirmed.