(73 App. Div. 583.)

POLYKRANAS v. KRAUSZ, City Marshal, et al.

(Supreme Court, Appellate Division, Second Department. June 13, 1902.)

1. EVIDENCE—RECORDED INSTRUMENTS—CERTIFIED COPIES.
Code Civ. Proc. § 933, permits a certified copy of a paper recorded pursuant to law in a public office to be received in evidence as if the original were produced. Plaintiff sued for damages for the taking of her goods under a judgment against another, and introduced certified copies of bills of sale of the goods to her as evidence of her ownership. It was fairly inferable from the record on appeal that the copies were from the register's office. *Held*, that as the bill of sale assumed to convey not only the vendor's interest in the personalty, but also an interest in a lease, they would be deemed to have been recorded pursuant to law.

2. WITNESS—CONTRADICTION OF ONE'S OWN WITNESS AS TO SPECIFIC FACT.
Where plaintiff called one of the defendants to testify as to a particular fact, she was not thereby precluded from contradicting him as to such specific fact.

3. CONVERSION—WRONGFUL LEVY OF EXECUTION—PARTNERSHIP—LIABILITY FOR TORT.
In an action against members of a partnership for wrongfully seizing plaintiff's goods under a judgment against another person on a partnership claim, evidence of the participation of one partner in the seizure justified a presumption that he had the assent of the other partner, so as to make that partner liable.

4. SAME—OWNERSHIP OF PROPERTY—EVIDENCE.
In an action for damages for the seizure of plaintiff's property under a judgment against another, where defendant denied plaintiff's ownership of the property, evidence as to the circumstances connected with plaintiff's purchase of the property from others was not objectionable as res inter alios acta.

5. TRIAL—EXCEPTION TO CHARGE—PROPER TIME.
Exceptions to a charge are in order at any time before verdict, though the jury has retired.

6. SAME—INSTRUCTIONS—STATEMENT OF CONTENTION.
In an action against a marshal and two copartners for wrongfully seizing plaintiff's property under a judgment against another, a charge that the two latter were said to be father and son, and that it was claimed that one actively participated in the wrong, and in so doing was the representative of the other, who was bound by his acts, was a mere statement of the contention of one of the parties, and not erroneous.

7. CONVERSION—WANTONNESS—EXEMPLARY DAMAGES.
In an action for the wrongful seizure of plaintiff's property under a judgment against another, exemplary damages are recoverable if the seizure was wanton.

8. TRIAL—INSTRUCTIONS.
A charge merely stating plaintiff's position in the case, and giving a correct summary of her testimony, was not objectionable.

Appeal from trial term, Queens county.

Action by Eliza J. Polykranas against Bernath Kraus, as marshal of the city of New York, and others. From a judgment for

plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Oscar J. Hochstadter (Abraham B. Schleimer, of counsel), for appellants.

David B. Cohn (S. M. Stroock, of counsel), for respondent.

WILLARD BARTLETT, J. This action was brought to recover damages for the alleged conversion of a stock of goods claimed to belong to the plaintiff in her business as a florist in the city of New York. The defendants sought to justify the taking of these goods under a judgment recovered by Richard and Henry Pritchard against the property of George Polykranas, the husband of the plaintiff. The question of ownership was therefore the first question to be determined upon the trial.

To prove her title the plaintiff put in evidence certified copies of bills of sale which she had received from the former owners. Objection was made to these papers on the ground that a certified copy was not admissible because a bill of sale was not required to be filed. Section 933 of the Code of Civil Procedure permits a certified copy of a paper, filed or recorded pursuant to law in a public office of the state, to be received in evidence as if the original was produced. Although the statement in the appeal book in regard to these copies is not as clear as could be desired, I think the fair purport is that the copies were furnished from the register's office of the county of New York. Our attention has not been called to any statute which authorizes the filing or recording of an absolute bill of sale of personal property only, but I think that these may be deemed to have been recorded pursuant to law, inasmuch as they assumed to convey not only the vendor's interest in personal property, but also an interest in a lease.

While there is no doubt as to the taking of the flowers and other goods by the defendant Krausz as city marshal, it is contended that the evidence was not sufficient to charge the defendants Pritchard for the conversion. Henry Pritchard was called by the plaintiff as a witness to prove that he was present at the place of business of the plaintiff at the time of the taking, but he denied that he was there. Proof to the contrary was subsequently given by the plaintiff's husband, and it is argued that this should not have been allowed, because it permitted the plaintiff to impeach her own witness. Under the circumstances, however, the plaintiff was not precluded from contradicting Henry Pritchard in spite of the fact that she had called him to the witness stand herself. Coulter v. Express Co., 56 N. Y. 385; Hunter v. Wetsell, 84 N. Y. 549, 38 Am. Rep. 544. Richard Pritchard does not appear to have been present, but he was a partner with his father, and a joint judgment creditor with him as against George Polykranas. Hence, as was said in Chambers v. Clearwater, 1 Abb. Dec. 343:

"Although the commission of a trespass was not within the scope of the partnership enterprise, the collection of the joint debt was a part of that business. The direction to levy the execution upon a particular subject was

an incident to the obtaining payment of the debt by legal process, and when one of the partners was found acting in that undertaking the presumption is that he had the countenance and assent of the other partner."

Objection is also made to the reception of evidence in behalf of the plaintiff as to transactions between her and the persons from whom she purchased the property in question, on the ground that these were res inter alios acta. In a case of this kind, however, where the defense is based upon an averment that there never was any bona fide transfer of the property to the plaintiff, such proof is necessarily admitted, as without it the plaintiff would be deprived of any opportunity of establishing her ownership. Nor is the party claiming to own the property limited to putting in evidence simply the instrument assuming to transfer the title. The attending circumstances may also be shown as bearing upon the question of good faith.

The learned trial judge undoubtedly committed an error in refusing to allow counsel for the defendants to take exceptions to his charge before the jury had rendered their verdict. Counsel was entitled to take such exceptions, notwithstanding the fact that the jury had retired. If the judge deemed the presence of the jury necessary, he might have had them recalled. In view of this error, the charge has been examined in order to ascertain whether any portion of it, if an exception thereto had been taken, would require a reversal of the judgment. This examination discloses no erroneous instruction.

There are three passages of which particular complaint is made by counsel for the appellants:

The first is merely a statement of the plaintiff's position in the case, and a summary of her testimony, which seems to be correct. This furnishes no valid ground for exception.

The second is in these words:

"The other defendants are Richard and Henry Pritchard, said to be father and son, who were the plaintiffs in the judgment and the execution against the husband of the plaintiff. It is claimed that the one actively participated in the wrong, and that in so doing he was the agent and representative of the other, who was bound by his acts."

This was nothing more than a statement of the contention of one of the parties, and an exception to it would have been unavailing.

The third instruction was as follows:

"The transaction in question being just at that special day of the year—the day before Easter—when, as it is claimed, the business of florists is better than on almost any other day in the year, if you think that the action of the defendants, or either of them, was willful, wanton, and malicious, you may take that into consideration, and, if you think the case calls for it, give damages by way of punishment in addition to damages for the loss of the actual value."

The rule in this class of cases appears to be tolerably well settled that exemplary damages may be recovered if the injury was wantonly inflicted. See Cable v. Dakin, 20 Wend. 172; Brizsee v. Maybee, 21 Wend. 144; Schofield v. Ferrers, 46 Pa. 438; Single v. Schneider, 30 Wis. 570. By "wanton action" is meant action "reck-

lessly disregardful of right or of consequences." Cent. Dict.; 1 Sedgw. Dam. (8th Ed.) § 366.

Complaint is also made that the comments, remarks, and interruptions made by the learned court during the trial seriously prejudiced the defendants' rights before the jury. We have examined the record with great care in reference to this assertion; and, while the judge who presided at the trial seems to have indulged in some severity toward counsel, the cause for which is not disclosed by the appeal book, we are not prepared to say that it affected the result. The charge was perfectly fair, and the conclusion of the jury seems to be fully justified by the evidence. We conclude, therefore, that the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.