## MARRA v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.    July 29, 1910.)

1. RAILROADS (§§ 359, 397*)—INJURY TO PERSONS ON TRACK—ACTIONS—ADMISSIBILITY OF EVIDENCE.

Railroad Law (Consol. Laws, c. 39) § 53, provides that no person other than those connected with, or employed upon, a railroad shall walk upon its tracks except where they are laid across or along streets and highways, in which case he shall not walk upon the track unless necessary to cross it. Penal Law (Consol. Laws, c. 40) § 29, provides that where the performance of any act is prohibited by statute, and no penalty for its violation is imposed, the doing of such act is a misdemeanor. *Held*, that a person not connected with a railroad company who walked along its tracks, not in a street, was committing an offense, and the railroad company owed him no duty of affirmative care, the only obligation resting upon it being to abstain from willfully, wantonly, or recklessly injuring him; and, in an action for injuries to such person struck by an engine, evidence of an alleged custom of the people of the town to walk along the tracks at such point was inadmissible.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1238, 1239; Dec. Dig. §§ 359, 397.*]

2. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—CURE BY INSTRUCTIONS.

Error in admitting such evidence was not cured by a charge that, in view of the admission of plaintiff's counsel that plaintiff was a trespasser when he was hurt, the jury was bound to disregard what other persons had been in the habit of doing as to walking along the railroad tracks.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4180; Dec. Dig. § 1053.*]

3. NEGLIGENCE (§ 11*)—"WANTON ACTION."

A "wanton action" is not mere negligence, but means an action recklessly disregardful of right or consequences.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 13; Dec. Dig. § 11.*

For other definitions, see Words and Phrases, vol. 8, p. 7384.]

4. RAILROADS (§ 391*)—INJURY TO TRESPASSERS—LIABILITY OF COMPANY.

That a railroad detective detained plaintiff, a trespasser, on the company's tracks when he ought in the exercise of reasonable care to have anticipated that there was danger, standing with him upon the track up to the very last moment before a train passed, and saving his own life only by jumping practically simultaneously with the striking of plaintiff by the engine, would not render the railroad company liable, where it did not appear that the detective had any ill will toward plaintiff, or that he was trying to do anything more than his duty as a police detective, and did not, knowing and realizing that a train was approaching, recklessly and wantonly hold plaintiff there.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1326; Dec. Dig. § 391.*]

Hirschberg, P. J., dissenting.

Appeal from Trial Term, Dutchess County.

Action by Harry Marra against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and WOODWARD, CARR, JENKS, and THOMAS, JJ.

Robert Wilkinson, for appellant.
Charles Morschauser, for respondent.

WOODWARD, J. The plaintiff, on the evening of August 25, 1908, with his brother, was walking along the tracks of the defendant's railroad in Poughkeepsie, having entered upon the track at Mill street, with the intention of going to the Church Street Bridge. They had reached a point in front of the railroad station, when they were accosted by one Dunn, a detective employed by the defendant, and who appears to have been a police officer, who is alleged to have placed the plaintiff under arrest and to have taken him upon the north-bound track of the defendant, where he stopped to question him. While thus engaged, a train on the north-bound track, running at a high rate of speed, came along, and Dunn jumped from the track, as the plaintiff alleges, without giving him warning, and the engine struck the plaintiff, bruising and injuring him in a serious manner. The complaint alleges that Dunn, "acting within the scope of his authority and by virtue of his employment, did place this plaintiff under arrest and arrested him and held him fast, and while so having him under arrest did recklessly, carelessly, improperly, and imprudently hold him and place him while acting within the scope of his authority, and while this plaintiff was so under arrest, upon a track of said defendant in front of a north-bound train, and at the said time defendant had a train running north at about 8:30 p. m. on said day, and that said defendant did through its said detective and officer recklessly, wantonly, willfully, carelessly, and improperly place said plaintiff under arrest and place him upon said track while said train was moving northward rapidly and at a high rate of speed, and that by reason thereof said plaintiff was struck," etc. The gravamen of this action is the alleged wanton recklessness of the police officer in the employ of the defendant in arresting the plaintiff and holding him upon the north-bound track in front of an approaching train, resulting in the injuries complained of, yet upon the trial of the action the learned trial court permitted the plaintiff to introduce evidence, over the objection of the defendant, to an alleged custom of the people of Poughkeepsie to walk along the tracks of the defendant at this point without objection on the part of the defendant.

Section 53 of the railroad law (Consol. Laws, c. 39) provides that no —.

"person other than those connected with or employed upon the railroad shall walk upon or along its track or tracks, except where the same shall be laid across or along streets or highways, in which case he shall not walk upon the track unless necessary to cross the same."

The Court of Appeals, in construing this provision of the railroad law in Keller v. Erie Railroad Co., 183 N. Y. 67, 72, 75 N. E. 965, 966, say that:

"An act expressly prohibited by the public statute is, in its inception and always must continue to be, unlawful. The defendant's powers and capacity

to act are defined and controlled by statute law, and, as a creature of statute, it could, neither expressly nor passively, confer a right which the statute denies. Whoever walks upon, or along, the tracks of a railroad, except when necessary to cross the same upon some street, highway, or public place, violates the law and is like a trespasser, and the company's servants are under no other obligation than to refrain from willfully, or recklessly, injuring him."

Section 29 of the Penal Law (Consol. Laws, c. 40) provides, as did section 155 of the old Penal Code, that:

"Where the performance of any act is prohibited by a statute, and no penalty for the violation of such statute is imposed in any statute, the doing such act is a misdemeanor."

The plaintiff was, therefore, in exactly the situation which was occupied by the plaintiff in the case of Magar v. Hammond, 183 N. Y. 387, 390, 76 N. E. 474, 475, 3 L. R. A. (N. S.) 1038, where the court lays down the proposition that, the plaintiff having been engaged in the commission of a crime, the defendant owed him no duty of affirmative care, and "the only obligation resting upon the defendants was to abstain from willfully, wantonly, or recklessly injuring them." This being the law, it was obviously error on the part of the learned trial court to permit the plaintiff to put in evidence, over the objections of the defendant, that other persons had been known to traverse the distance between Mill street and the Church Street Bridge along the tracks of the defendant, since it served to create in the minds of the jurors the impression that the plaintiff was rightfully upon the defendant's premises.

It is true, of course, that the learned trial court, at the request of the defendant's counsel to "charge, in view of the admission of counsel for the plaintiff, that the plaintiff was a trespasser at the time he was hurt, that the jury are bound to disregard what other persons have been in the habit of doing as to walking along the railroad track," replied:

"I think I will say that. The case developed an entirely different theory."

But this did not cure the error in admitting the testimony, and a reading of the case shows that the jury could not have had a clear idea of the law of the case; that they did not understand that the defendant could not be held liable unless it was made to appear that the defendant, or its servants, knowing the danger, wantonly exposed the plaintiff. Wanton action is not mere negligence. By "wanton action" is meant action "recklessly disregardful of right or consequences." Polykranas v. Krausz, 73 App. Div. 583, 586, 77 N. Y. Supp. 46, 48, 49, and authorities there cited. To hold the defendant liable in this case, it should be made to appear that Dunn, within the scope of his employment, arrested the plaintiff, and, knowing and realizing that a train was approaching on the north-bound track, recklessly and wantonly held him there. In other words, the evidence should be practically sufficient to hold Dunn for the commission of a crime, and the evidence does not reach this point. The most that can be fairly said of the evidence is that it might justify a finding that Dunn detained the plaintiff upon the north-bound track at a time when he ought, in the exercise of reasonable care, to have

anticipated that there was danger. There does not appear to be any dispute that Dunn stood upon the track with the plaintiff up to the very last moment before the accident; that he saved his own life only by jumping practically simultaneously with the striking of the plaintiff by the engine, and there was nothing in the conduct of Dunn to show that he had any ill will toward the plaintiff, or that he was trying to do anything more than his duty as a police detective in finding out what the plaintiff and his brother were trespassing upon the defendant's tracks for. The only fair and legitimate deduction from the evidence, as we read it, was that the defendant's servant, Dunn, in the discharge of his duty, detained the plaintiff upon the northbound track while he asked the plaintiff some questions about his presence upon the defendant's right of way; that Dunn was, in this, negligent, not only with reference to the plaintiff, but himself as well, but without the slightest intention of exposing the plaintiff to the danger which subsequently developed. Dunn did not owe the plaintiff any active duty; he simply owed him the duty of refraining from consciously and recklessly exposing the plaintiff to a danger of which he was himself aware, and there is not the slightest evidence in this case which would justify a finding that Dunn had any consciousness of the danger which threatened until he jumped from the track in time to save his own life. That he was careless of his own life and that of the plaintiff is not to be questioned. If the case depended upon negligence, there would be no reasonable doubt; but it falls far short of establishing a wanton disregard of the rights of the plaintiff, and as the theory of negligence permeated the trial, and the defendant was unable to exclude the testimony which tended to create the impression in the minds of the jury that the plaintiff had a right to be where the law says he should not be, we think the judgment and order should be reversed.

The judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event.

JENKS, THOMAS, and CARR, JJ., concur, being, however, of the opinion that the complaint states a cause of action for negligence, if the plaintiff shall elect to stand on it. HIRSCHBERG, P. J., dissents.