LINEHAN ET AL. *v.* WATERFRONT COMMISSION
OF NEW YORK HARBOR ET AL.

NO. 557.

Decided April 12, 1954.

*George A. Brenner* for appellants.

*Nathaniel L. Goldstein,* Attorney General of New York, *Lawrence E. Walsh* and *Wendell P. Brown* for appellees. *Whitman Knapp* was also for appellees in No. 558.

PER CURIAM.

The motions to affirm are granted and the judgments are affirmed.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs, dissenting.

This case illustrates what I fear is a growing practice of the Court of diluting the Act of Congress which gives us jurisdiction of appeals. 28 U. S. C. § 1253 *et al.* The Congress carved out a group of cases, of which this is one, that comes here as of right and is not dependent, as are petitions for certiorari, on a vote of four Justices out of nine for an adjudication by the Court on the merits of the controversy. In recent years the Court has more and more dismissed or affirmed appeals, with no opportunity

of counsel to make oral argument and without any opinion by the Court.

These appeals should not be added to that growing list.

New York and New Jersey made a Compact, approved by Congress, for the regulation of employment on the waterfront of New York.* The agency through which the plan is effected is the Waterfront Commission, composed of one representative of New York and one of New Jersey. It has charge of the employment of all longshoremen. A longshoremen's register is established; and no one can be employed unless he is on the register. The Commission "may in its discretion" deny an applicant the right to register

—if he has been convicted of treason, murder, manslaughter, illegal possession of firearms, possessing burglar's instruments, receiving stolen property, unlawful entry of a building, aiding an escape from prison, unlawfully possessing or distributing habit-forming drugs, or

—if he is a Communist or teaches the Communist creed, or

—if in the judgment of the Commission, his presence on the waterfront would constitute "a danger to the public peace or safety."

Two main questions are at once suggested.

*First*, are the standards by which men are deprived of the right to work constitutional? This is a new question on which the Court has never ruled. May a state prescribe standards for employment that have no relevancy to the competency of the men to perform the work? Under this Compact a man who, in a reckless moment, runs over a person in his car and kills him and is convicted

---

*See McKinney's N. Y. Unconsolidated Laws (Cum. Pamph. Jan. 1954), § 6700–aa *et seq.;* N. J. Stat. Ann. § 32:23; 67 Stat. 541.

of manslaughter, apparently stands disqualified for employment. So does a Communist, whether he be of the cloak-and-dagger variety or a paler type. Are those criteria constitutional? An individual who is deprived of employment for such a reason could raise the question. But if the standard itself has no relevancy to the competency of men to do the work, why may not the Compact be tested at the very threshold?

This is a substantial question which our cases do not answer. We write here on a slate that is fairly clean, except for remote analogies.

*Second,* are these provisions of the Compact which disqualify men from employment unconstitutional as a bill of attainder? A few years ago Congress struck certain federal employees from the payroll because Congress thought they were "subversives." We held that that disqualification for employment without a judicial trial was a bill of attainder and therefore unconstitutional. *United States* v. *Lovett,* 328 U. S. 303. Here the state legislatures, with the approval of Congress, have not done precisely that. But they have come close to it by defining a proscribed class and barring them from employment—again without a judicial trial. Cf. *Garner* v. *Los Angeles Board,* 341 U. S. 716.

Perhaps a way could be found to sustain all the challenged provisions of the Compact. Perhaps they could be so construed as to save any and all individual rights. But the motion to dismiss or affirm (26 pages long) and the reply to it (51 pages long) in No. 557 only stir these profound questions and do not put them at rest.

The right to work—which goes to the very heart of our way of life—is at stake in these appeals. If we conclude that the Compact is constitutional, we should give our reasons so that all interests will be protected. Congress expected as much in all but frivolous cases coming here by appeal.