William C. Hecht, Jr., J.
Plaintiffs apply for a temporary injunction in an action for a declaratory judgment. The defendant, Waterfront Commission of New York Harbor, has cross-moved for an order dismissing the complaint for failure to state a cause of action or, in the alternative, for judgment on the pleadings dismissing the complaint insofar as it seeks an injunction on the ground that it fails to state a cause of action, and rendering a declaratory judgment in favor of the commission.
The action seeks a declaratory judgment as to the meaning of section 8 of the Waterfront Commission Act (L. 1953, ch. 882, part III) and that it is unconstitutional, and for a permanent injunction against the enforcement of the section.
An analysis of the complaint reveals briefly, the following: the plaintiff, International Longshoremen’s Association, allegedly consists of “ many labor union locals ” in various States, in Puerto Rico, and in Canada; plaintiff Joseph J. Schultz is employed as an international representative or agent; plaintiff Bradley, president of International Longshoremen’s Association, was advised by defendant, the District Attorney of New York County, that Schultz was convicted as a felon by a court of the United States and that while Schultz remained in its employ as an agent, the union was forbidden by said section 8 to collect dues; the District Attorney’s action was taken as a direct result of a complaint by the Waterfront Commission of New York Harbor; as a result of the conversation with the District Attorney, Bradley suspended Schultz; Schultz is a capable and valuable organizer of the union, and that the union’s inability to re-employ him works a hardship upon it in collective bargaining, and Schultz has been damaged by the termination of his employment.
It is also alleged “ 14. The provisions of Section 8 of the Waterfront Commission Act as construed by the defendant Hogan, and by the defendant, Commission, as applied by the defendants to the employment of plaintiff Schultz, are void because in conflict with Section 7 of the National Labor Relations Act, as amended, in particular as said Section 7 has been construed by the United States Supreme Court in the case of Hill v. State of Florida, 325 U. S. 538, 89 L. ed 1782.”
It is further alleged that plaintiff is exempt from the provisions of section 8 on the ground that the International Longshoremen’s Association is “ a federation or congress of labor organizations organized on a national or international basis,” and that the provisions of section 8 “ do not contemplate including as a felony the income tax evasions upon the basis *895 of which the complaint of the defendant Commission and the threats of the defendant District Attorney are predicated. ’ ’
For an orderly evaluation of the claims of the opposing parties the substance of the provisions of the two sections in question are set forth as follows:
According to section 8 of the Waterfront Commission Act, it is a misdemeanor for any person to collect dues from registered long-shoremen on behalf of a labor organization other than a federation or congress of labor organizations organized on a national or international basis, if any of its officers or agents have been convicted of a felony in any State or Federal court.
Section 7 of the National Labor Belations Act (U. S. Code, tit. 29, § 157) authorizes employees to select representatives of their own choosing for collective bargaining.
Plaintiffs advance several claims as a basis for the relief which they seek. In the order of their appearance in the complaint these contentions require answers to questions as follows:
Has the enactment of Federal labor legislation pre-empted the field so that the State has no authority to act and even if there has been no pre-emption does section 8 of the Waterfront Commission Act take away the right which section 7 of the National Labor Belations Act gives to employees to select collective bargaining representatives of their own choosing?
It is conceded that section 8 (supra) does not lack due process. Defendants assert that there is no conflict between the two sections and that the impact of section 8, whatever it may be upon the exercise of any right under Federal law, is wholly incidental and unintended. They maintain that the Waterfront Commission Act is designed to safeguard funds collected from a substantial segment of the waterfront working population and that in barring a person who has been convicted of a felony, within the meaning of the act, there is a valid exercise of State police power, and that section 8 is constitutional.
The constitutionality of the section in question was before the Supreme Court of New Jersey in a situation similar to that in the case at bar, where substantially the same arguments were advanced. Mr. Justice Brexítax, writing for a unanimous court in Hazelton v. Murray (21 N. J. 115) rejected the contention of unconstitutionality and pointed out that the United States Supreme Court has sustained Federal court decisions adjudging that the Compact Act in its entirety is a reasonable exercise of the police power of the States of New York and New Jersey. He set forth the long history of crime on the waterfront and the measures taken by the States of New York *896 and New Jersey to remedy the serious conditions, a sordid story the repetition of which I deem unnecessary in the disposition of these proceedings. It was noted that the compact authorizes the Waterfront Commission to deny registration to longshoremen who have been found guilty of specific crimes (the constitutionality of the power to so deny registration has been upheld) and the New Jersey Supreme Court further held “ If the conviction of crime is a proper consideration related to the public interest for the purposes of licensing and registering waterfront workers, much more so is the provision here under review which would wrest from the vicious criminal combine the means through which the corrupt conspiracy was perpetrated. ’ ’
A similar argument to that advanced by plaintiffs that section 8 has the effect of a limitation upon their rights under the National Labor Relations Act to select their own representatives was before the courts in Staten Is. Loaders v. Waterfront Comm. (117 F. Supp. 308, affd. 347 U. S. 439) and in Bradley v. Waterfront Comm. (130 F. Supp. 303) and was passed upon and rejected.
Defendants contend that plaintiffs’ reliance upon Hill v. Florida (325 U. S. 538) is untenable since in that case the Supreme Court held that a statute seeking to regulate collective bargaining by licensing persons who wished to act as business agents of the union was improper, holding that the statute directly conflicted with the right granted employees by the Wagner Act to select their own representatives. They point out, however, that Florida did not argue that it was confronted with any special police problem other than regulating collective bargaining while in the instant case the New York State Crime Commission clearly demonstrates a need for police power legislation directed not at collective bargaining but at the protection of union funds and that such legislation has been declared valid by the courts (Hazelton v. Murray, supra; Thomas v. Collins, 323 U. S. 516).
I agree with defendants that Hill v. Florida (supra) is not applicable here. I am in no manner persuaded by any arguments urged by plaintiffs that the provisions of section 8 violate the Constitution, conflict with section 7 of the National Labor Relations Act, are not a reasonable exercise of the police powers of the State, or that the decisions holding the contrary should not be followed in this instance.
The next question to be answered: Is the plaintiff included within the exception of section 8 in that it is a federation or congress of labor organizations organized on a national or *897 international basis? In this connection defendants point out, and the court agrees, that plaintiff is an international union comprised of local unions. It is not included within the exception of section 8, which exempts “ a federation or congress of labor organizations organized on a national or international basis ”. Moreover, throughout the Waterfront Commission Act there is language making it clear that what is meant by “ federation or congress ” is an organization such as the American Federation of Labor or the Congress of Industrial Organizations.
Finally, does plaintiff, Schultz, have a felony conviction (evasion of Federal income tax) within the meaning and contemplation of section 8? An examination of the compact clause of the Waterfront Commission Act indicates clearly that the prohibition contained in section 8 thereof becomes applicable if the officer or agent of the labor organization “ has been convicted by a court of the United States, or any state or territory thereof, of a felony ”.
Plaintiffs contend that the crime of which Schultz was convicted, although a felony pursuant to the United States Criminal Code, is only a misdemeanor under the laws of the State of New York. They overlook, however, the language of the section which clearly and unequivocally includes one who has been convicted of a felony in a United States Court. As defendants reasonably argue, most crimes prosecuted in a Federal court have no exact counterpart in the Penal Law of New York State and the intention of the Legislature in the enactment of section 8 to disqualify an officer or agent who has been convicted of any felony described in the United States Criminal Code by a Court of the United States, is abundantly clear.
In Matter of Barsky v. Board of Regents (305 N. Y. 89, affd. 347 U. S. 442) which both sides cite, the Court of Appeals held that a physician who was convicted of contempt of Congress was subject to disciplinary proceedings under the Education Law for a crime within the contemplation of said law which provides that the license of a doctor may be suspended or revoked if he has been convicted in a court of competent jurisdiction, within or without this State of a crime. Plaintiffs stress the dissenting opinion of Judge Ftjld wherein he held that the rules of policy construction called upon the court to hold that only acts which are criminal under the laws of our State should be included.
Unquestionably, contempt of Congress is not a crime under the laws of this State, and the holding in Barsky (supra) supports defendants’ contention that section 8 is even clearer in its *898 application to plaintiff Schultz than the provisions of the Education Law were as to Barsky and that Schultz falls squarely within the disqualifying provision of the Waterfront Commission Act.
I am of the opinion that defendants have established their right to the relief which they seek. Accordingly, the cross motion of the defendant Waterfront Commission of New York Harbor for judgment on the pleadings dismissing the complaint insofar as it seeks an injunction on the ground that it fails to state a cause of action and for a declaratory judgment in its favor is granted.