George De Veau et al., Individually and as Members of Local 1346 of the International Longshoremen's Association (Ind.) and on Behalf of All Other Members of Local 1346 of the International Longshoremen's Association (Ind.), Appellants, v. John M. Braisted, Jr., as District Attorney of Richmond County, Respondent.

Second Department, May 12, 1958.

604

*Arthur J. Cilento* and *Thomas W. Gleason* for appellants.

*John M. Braisted, Jr., District Attorney,* in person (*Thomas R. Sullivan* of counsel), for John M. Braisted, Jr., respondent.

*William P. Sirignano* and *Robert J. Mozer* for Waterfront Commission of New York Harbor, *amicus curiæ.*

*Nanette Dembitz, Stephen C. Vladeck* and *Edward L. Sadowsky* for New York Civil Liberties Union, *amicus curiæ.*

WENZEL, J. Appellants challenge the validity of section 8 of the Waterfront Commission Act (L. 1953, ch. 882, as amd.), the interpretation thereof by respondent, and the action taken by him based thereon which led to the dismissal of appellant De Veau as secretary-treasurer of the labor union known as Local 1346 of the International Longshoremen's Association (Ind.), hereinafter referred to as the local. De Veau and his two co-appellants brought this action in their individual capacities and as members of the local, and on behalf of all other members of the local, seeking a declaratory judgment and injunctive relief.

So far as material, section 8 states that "No person shall solicit, collect or receive any dues, assessments, levies, fines or contributions within the state from employees registered or licensed pursuant to the provisions of this act for or on behalf of any labor organization representing any such employees, if any officer or agent of such organization has been convicted by a court of the United States, or any state or territory thereof, of a felony unless he has been subsequently pardoned therefor by the governor or other appropriate authority of the state or jurisdiction in which such conviction was had or has received a certificate of good conduct from the board of parole pursuant to the provisions of the executive law to remove the disability."

According to the complaint, De Veau had been secretary-treasurer of the local for some time up to January 17, 1957 and

was on that day suspended from his office by the president of the parent organization of the local (the parent organization shall hereafter be referred to as the I. L. A.) because of a threat by a certain assistant district attorney in respondent's office that he would commence a prosecution based on section 8 and a conviction of De Veau in 1922 in the Court of General Sessions in the County of New York of the crime of attempted grand larceny in the first degree, which conviction was had upon De Veau's plea of guilty. The complaint further alleges that De Veau received a suspended sentence and was " paroled " [sic] for five years, that he complied with the conditions of the " parole " [sic], that he was last re-elected to his said office in 1955, prior to the said action taken by the president of I. L. A., and the membership of the local re-elected him at that time with knowledge of his said 1922 conviction, that his services as an agent of the local are valuable to the local, and that he himself has been damaged by the termination of his employment in that he was deprived of his right to continue in the employment and has lost certain substantial welfare benefits and pension rights.

Respondent admits in his answer that the assistant district attorney in question advised the president and other I. L. A. representatives of De Veau's said conviction and of the provisions of section 8.

Appellants' contentions are that section 8 is violative of the Constitution of the United States, that it is void because it conflicts with the National Labor Relations Act (U. S. Code, tit. 29, § 151 et seq.), particularly section 7 thereof, and that the 1922 conviction is not a conviction within the intendment of section 8 in view of the fact that sentence had been suspended, and therefore no judgment of conviction was rendered.

In limine, disposition must be made of respondent's argument that the court does not have jurisdiction of this action. The remedy of an action for a declaratory judgment (Civ. Prac. Act, § 473) " is applicable in cases where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved " (Dun & Bradstreet v. City of New York, 276 N. Y. 198, 206). Of course there must be a real controversy, involving substantial legal interests, and the defendant must be in a position to place the plaintiff's rights in jeopardy (22 Carmody-Wait on N. Y. Practice, pp. 713–717). Resort to this remedy and also to that of an injunction may be had even with respect to. penal statutes and against a public official or public agency whose duty it is to conduct appropriate prosecutions, if the purpose be to avoid irreparable injury and

if the sole question is one of law (*Reed* v. *Littleton,* 275 N. Y. 150; *Mills Novelty Co.* v. *Sunderman,* 266 N. Y. 32; *New York Foreign Trade Zone Operators* v. *State Liq. Auth.,* 285 N. Y. 272; *Aerated Prods. Co. of Buffalo* v. *Godfrey,* 263 App. Div. 685, revd. on other grounds 290 N. Y. 92). One of the very purposes of a declaratory judgment is to settle a serious question of law as to the validity of a statute which would be the basis of a threatened prosecution for crime, without requiring, as a prerequisite to judicial entertainment of the question, that interested parties first commit the very acts which are involved in the dispute and thereby run the risk of such prosecution (*New York Foreign Trade Zone Operators* v. *State Liq. Auth., supra,* p. 278).

In previous actions similarly brought to test the validity of this very section 8, it was recognized that the remedy of an action for declaratory judgment was appropriate (*Linehan* v. *Waterfront Comm. of N. Y. Harbor,* 116 F. Supp. 401, 405 [De Veau was also a plaintiff in this cited case]; *International Longshoremen's Assn., Ind.* v. *Hogan,* 3 Misc 2d 893) and in the case last cited, and in other cases in which the validity of all or portions of the act was attacked, it was also recognized that an action for an injunction would be a proper remedy (*Staten Is. Loaders* v. *Waterfront Comm. of N. Y. Harbor,* 117 F. Supp. 308, affd. 347 U. S. 439; *Linehan* v. *Waterfront Comm. of N. Y. Harbor,* 116 F. Supp. 683, affd. 347 U. S. 439; *Bradley* v. *Waterfront Comm. of N. Y. Harbor,* 130 F. Supp. 303; *O'Rourke* v. *Waterfront Comm. of N. Y. Harbor,* 118 F. Supp. 236).

The facts presented in the record establish ample basis for the court at least to consider the legal questions which are posed. Respondent, through the power of his office, has in effect forced De Veau's dismissal from his position. Not only has De Veau lost his executive post and certain emoluments, but the local and its members have lost him as a representative. Neither the local nor the I. L. A. chose to challenge respondent's position, and it does not appear that De Veau or anyone else has any remedy against the local or the I. L. A. or their officials.

The question as to whether violation of section 8 is indeed a crime or offense, and whether respondent indeed could have prosecuted a violator of the section, has not been raised and we do not pass on it. However, certain observations will be made hereinbelow as to that question, after first reviewing the aspects of the Waterfront Commission Act which are salient on the issues which have been raised.

The act is divided into three parts. Part I contains but one section (§ 1). It is a restatement of a compact (the Waterfront Commission Compact) which had been entered into between the States of New York and New Jersey, and has been approved by the Congress (67 U. S. Stat. 541). It contains 16 articles. Article I sets forth findings and declarations as to certain evil conditions and practices that had prevailed with respect to waterfront labor within the Port of New York district. Succeeding articles create a Waterfront Commission of New York Harbor as the agency to administer the laws regulating waterfront activities, prohibit persons from working or engaging in certain occupations (pier superintendent, hiring agent, port watchman and stevedore) without a license obtained from the commission, and in another occupation (longshoreman) unless they have been included in the longshoremen's register established by the commission. Consistent with the manifest intent in section 8 to prevent the existence of any influence of convicted felons upon the waterfront, waterfront labor and related matters, these articles also provide that no such license shall be granted to a person who has been convicted of a felony, subject to a right given to the commission, where application is made for a license as pier superintendent, hiring agent or stevedore, to remove the ineligibility by reason of such conviction upon satisfactory evidence that the conduct of the license applicant in question for a period of not less than five years has been such as to warrant the grant of the license, and that the five-year period " shall be measured either from the date of payment of any fine imposed upon such person or the suspension of sentence or from the date of his unrevoked release from custody or parole, commutation or termination of his sentence ". The same right to remove this ineligibility, where application is made for a license as a port watchman, was also given to the commission by subsequent legislation in section 5-j of the act (L. 1954, ch. 220), and by still later legislation the right to work as a checker was similarly denied to persons convicted of felony, subject to the similar power given to the commission to remove that basis of ineligibility (L. 1957, ch. 188). The verbiage of these provisions, that is, the context relating to the word " convicted ", is substantially the same as that in section 8, except that section 8 does not give the commission any power to remove the application of the prohibiting provisions therein and accordingly does not contain the provision regarding the measuring of any period of time from a suspension of sentence.

When the act was originally passed in 1953, part II consisted of sections 2 to 5, inclusive, which dealt with matters respecting the administration of the commission, and part III consisted of sections 6 to 12, inclusive, which contained further policing provisions, supplementing the compact and including the disputed section 8.

Coming back to the question of whether violation of section 8 is a crime or an offense, it should first be noted that neither the section itself nor any other provision in the act states that violation of its provisions is a crime or any offense for which the violator could be prosecuted. The only provisions in the act which pertain to prosecutions, penalties and remedies for violations of the act, apart from the provisions as to revocation or suspension of licenses or removal of registration or other disciplinary action against licensees and registered persons, are contained in article XIV of section 1, and in sections 4, 5-d, 5-e and 5-f. Article XIV and section 4 by their own terms do not apply to section 8. Article XIV affords the remedy of punishment as for contempt for violation of the mandate of a subpœna to attend a hearing before the commission (subd. 1), states that the giving of false testimony at such hearing or the making or filing of a false or fraudulent report or statement required by the compact to be made or filed under oath is a misdemeanor (subd. 2), and states that violations of, or conspiracies to violate, any other provision of the compact, and certain other conduct with reference to longshoremen, shall be punishable as may be provided for by concurrent action of the Legislatures of New York and New Jersey (subds. 3, 4, 5). Section 4 states that violation of any of the provisions of the compact or of section 2 of the act is a misdemeanor if no other penalty is prescribed. Section 5-d states that the giving of false testimony in any investigation, interview or proceeding conducted by the commission is a misdemeanor. Sections 5-e and 5-f give the commission civil rights to bring actions for penalties and to proceed by '' mandamus, injunction or action or proceeding in lieu of prerogative writ.''

Disobedience of a statutory prohibition is not a crime unless some statute so prescribes (Penal Law, § 22; *People* v. *Fein*, 292 N. Y. 10, 14; *People* v. *Knapp*, 206 N. Y. 373, 380–381; *People* v. *Freres*, 5 A D 2d 868), and an act is not a crime unless the Legislature has, in addition to forbidding it, imposed a punishment for its commission (Penal Law, § 2; *People* v. *Freres*, *supra*; *People* v. *Conti*, 127 Misc. 244, 249). As has been indicated in the paragraph just above, section 8 does not provide

that violation of its provisions is a crime, and the other provisions of the act which have also been discussed in that paragraph do not apply to that section. Accordingly, violation of section 8 is a crime only if made so by section 29 of the Penal Law, which provides: " Where the performance of any act is prohibited by a statute, and no penalty for the violation of such statute is imposed in any statute, the doing of such act is a misdemeanor." Whether section 29 has that effect deserves immediate and serious attention by all parties interested in activities in the Port of New York district and by all parties interested in law enforcement. Their attention is invited to the following authorities which might be considered as supporting the view that section 29 has such effect (*Gardner* v. *People,* 62 N. Y. 299; *Marra* v. *New York Cent. & Hudson Riv. R. R. Co.,* 139 App. Div. 707; *People* v. *Bogart,* 3 Abb. Prac. 193) and to the following authority which might be considered as supporting the contrary view (*People* v. *Freres, supra*). As stated hereinabove, we do not pass on the question on this appeal.

We turn now to the question of the interpretation which should be given to section 8. It is the contention of appellants that since no judgment of conviction was ever rendered against De Veau, because sentence had been suspended (see *People* v. *Shaw,* 1 N Y 2d 30, 32), he has not been convicted of a felony within the contemplation of section 8.

" [T]he word ' conviction ' is of equivocal meaning " and its use in a statute " may vary with the particular statute involved. It presents a question of legislative intent " (*Matter of Richetti* v. *New York State Bd. of Parole,* 300 N. Y. 357, 360; see, also, *Matter of Weinrib* v. *Beier,* 294 N. Y. 628; *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249; *People* v. *Fabian,* 192 N. Y. 443; *Linehan* v. *Waterfront Comm. of N. Y. Harbor,* 116 F. Supp. 401, *supra*).

In *People* v. *Fabian (supra),* provisions in the State Constitution of 1894 and in the then extant Election Law, with respect to denying the right of suffrage to persons convicted of a felony, were involved, and in *People* v. *Shaw (supra)* and *People ex rel. Marcley* v. *Lawes (supra)* Penal Law provisions with respect to imposing increased punishment for felonies committed by persons who had been convicted two or three times previously were involved. In these cases the word " convicted " was held not to include a conviction upon which sentence had been suspended. On the other hand, in other statutes references to convictions have been held to include convictions upon which sentence had been suspended. Such holdings were made in *Matter of Lewis* v. *Carter* (220 N. Y. 8), where the statute was

a provision in the Prison Law (now the Correction Law) withholding power from the Board of Parole to release on parole certain prisoners if they had a prior conviction, and in *Matter of Weinrib* v. *Beier* (*supra*), where the statute was a provision in the Education Law with respect to forfeiture of a license to practice dentistry if the licensee were convicted of a felony.

The theory upon which the interpretation that is favorable to the convicted person has been applied is, as reiterated in *Fabian* (*supra*, pp. 449–450), that " ' where disabilities, disqualifications and forfeitures are to follow upon a conviction, in the eye of the law, it is that condition which is evidenced by sentence and judgment; and that where sentence is suspended, and so the direct consequences of fine and imprisonment are suspended or postponed temporarily or indefinitely, so, also, the indirect consequences are likewise postponed.' " The cases in which the interpretation unfavorable to the convicted person has been applied were based on the flat conclusion that statutes *in pari materia* require that interpretation (see *Matter of Lewis* v. *Carter, supra*), or that — this as to a statute which requires the disciplining of a member of a profession because of his conviction of a felony — the Legislature intended that a plea of guilty to a felony was included (see *Matter of Weinrib* v. *Beier, supra*).

In our opinion there is sufficient kinship between the barring of a member of a profession from practicing his profession and the barring (here indirectly) of a person from serving as an official of a labor union, to require us to hold that the rule in the latter instance ought to be the same as in the former, even without special indication to such effect in the pertinent statutes, that is, that a " conviction ", which is the basis for the barring, includes a conviction upon which sentence has been suspended.

Moreover, pertinent provisions in the Waterfront Commission Act afford affirmative evidence that this interpretation was intended by the Legislature in section 8. In the cases of pier superintendents, hiring agents, port watchmen, stevedores and checkers, the Legislature clearly indicated that " conviction " included a conviction with suspension of sentence, since it provided that the five-year period which could serve as the basis for removal of the ineligibility by reason of a conviction was to be measured, where sentence had been suspended, from the date of the suspension of sentence. The principle of *ejusdem generis* has apt application, there appearing to be no reason to say that the Legislature intended to use the word " conviction " in any different sense with reference to labor union officials. It would be incomprehensible to us to say that a conviction with

suspended sentence was intended as a barrier to a laborer's right to work on the waterfront but not as a barrier to a union official who by reason of his position undoubtedly would have more influence on affairs on the waterfront than the waterfront laborer.

It is, therefore, our conclusion that De Veau has been convicted of a felony within the meaning of the provisions of section 8.

Passing on to appellants' contention that section 8 is in conflict with the National Labor Relations Act (U. S. Code, tit. 29, § 151 *et seq.*), particularly section 7 thereof, that section, so far as pertinent, states: " Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing " (U. S. Code, tit. 29, § 157). This is in accordance with the stated policy of the United States, as set forth in section 1 of the National Labor Relations Act, to encourage the practice and procedure of collective bargaining and to protect " the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing " (U. S. Code, tit. 29, § 151). Incidentally, the policy of the State of New York is not to the contrary (see N. Y. Const., art. I, § 17; Waterfront Commission Act, art. XV, par. 1 [L. 1953, ch. 882, § 1]).

The underlying authority for a contention of this nature is the Supremacy Clause of the Federal Constitution (U. S. Const., art. VI). The principle has been applied not only against State laws which are directly contrary to Federal legislation but also to State laws in a field which has been pre-empted by authorized Federal legislation (see *Weber* v. *Anheuser-Busch,* 348 U. S. 468, 474–476). However, before it can be said that a given field has been pre-empted by Federal legislation, it must be found that " ' the intention of Congress to exclude States from exercising their police power must be clearly manifested ' " (*Auto Workers* v. *Wisconsin Bd.,* 336 U. S. 245, 253).

In the field of labor relations, there has not been a pre-emption as to all activities. " Congress did not exhaust the full sweep of legislative power over industrial relations given by the Commerce clause " (*Weber* v. *Anheuser-Busch, supra,* p. 480). There has been a pre-emption as to some areas of activity in the labor field, but those areas " are not susceptible of delimitation by fixed metes and bounds. Obvious conflict, actual or potential, leads to easy judicial exclusion of state action " but there is a difficult " penumbral area " which " can be rendered progressively clear only by the course of litigation " (*Weber* v. *Anheuser-Busch. supra,* pp. 480–481).

In the instant case the question as to pre-emption would not be whether Congress intended to exclude the State from directly dealing with the subject of the right to choose bargaining agents or union officials, but whether the Congress intended to go even further and to exclude the State from indirectly limiting the right of choice so that the selection would be only from among those who had not been convicted of a felony.

In our opinion there has not been such a pre-emption and, further, there is no conflict between the provisions of section 8 of the Waterfront Commission Act and section 7 of the National Labor Relations Act. We do not believe that the Congress intended to interfere with the right of States to deal with their special police problems with respect to the waterfront and to deal with them in the limited manner that the New York Legislature did in section 8. In *International Longshoremen's Assn., Ind.* v. *Hogan* (3 Misc 2d 893, *supra*) the same question was directly at issue and the same conclusion was reached. Similar arguments for avoidance of section 8 were made in the second *Linehan* case (116 F. Supp. 683, *supra*), in *Staten Is. Loaders* (117 F. Supp. 308, *supra*), in *Bradley* (130 F. Supp. 303, *supra*) and in *Hazelton* v. *Murray* (21 N. J. 115). The arguments were there rejected.

*Hill* v. *Florida* (325 U. S. 538) is readily distinguishable. In that case the subject Florida statute required labor unions and their business agents to be licensed by a certain administrative agency of the State. Although the statute prohibited the issuance of a business agent's license to anyone who had been convicted of a felony, it also contained other prohibitions against issuing such licenses and also certain regulations generally subjecting applicants for a license to the task of satisfying the administrative agency that they were entitled to the licenses according to certain standards. The action was by the Attorney-General of Florida to enjoin a labor union and its business agent from operating, on the ground that they had not procured licenses. The Attorney-General did not claim that the business agent had been convicted of a felony. As pointed out in *International Longshoremen's Assn., Ind.* v. *Hogan* (*supra,* p. 896), Florida's statute sought " to regulate collective bargaining by licensing persons who wished to act as business agents " and " Florida did not argue that it was confronted with any special police problem other than regulating collective bargaining, while in the instant case the New York State Crime Commission clearly demonstrates a need for police power legislation directed not at collective bargaining, but at the protection of union funds ".

The remaining question concerns the constitutionality of section 8. Appellants contend (1) that the terms of the section are vague and indefinite in that they may include convictions in another jurisdiction which are deemed by that other jurisdiction to be for felonies, even though the law of that jurisdiction giving criminality to the acts in question would be repugnant to the public policy of our State, (2) that the section is an ex post facto law and a bill of attainder, and (3) that the section disqualifies a person from holding union office without benefit of judicial trial or hearing and without affording him an opportunity to show his fitness for the position. An *amicus curiæ* asserts that the section unreasonably interferes with De Veau's right to work, in violation of section 6 of article I of the State Constitution and of the Fourteenth Amendment of the Federal Constitution.

The constitutionality of the Waterfront Commission Act has previously been upheld in several decisions (*Staten Is. Loaders* v. *Waterfront Comm. of N. Y. Harbor*, 117 F. Supp. 308, affd. 347 U. S. 439, *supra*; *Linehan* v. *Waterfront Comm. of N. Y. Harbor*, 116 F. Supp. 683, affd. 347 U. S. 439, *supra*; *Bradley* v. *Waterfront Comm. of N. Y. Harbor*, 130 F. Supp. 303, *supra*; *O'Rourke* v. *Waterfront Comm. of N. Y. Harbor*, 118 F. Supp. 236, *supra*; *Hazelton* v. *Murray*, 21 N. J. 115, *supra*; *International Longshoremen's Assn., Ind.* v. *Hogan*, 3 Misc 2d 893, *supra*). The last two cases just cited dealt specifically with section 8. We perceive no reason for not following the decisions in the cases cited.

Since section 8 is valid and since De Veau's conviction is a conviction within the meaning of that section, the complaint was properly dismissed and judgment on the pleadings in favor of respondent was properly granted. It follows, of course, that the motion for an injunction *pendente lite* was properly denied.

The order should be affirmed.

Present — NOLAN, P. J., WENZEL, UGHETTA, HALLINAN and KLEINFELD, JJ.

Order unanimously affirmed.