Jacob Markowitz, J.
This is a motion by one of the trustees of Shipping-Association-International Longshoreman’s Association (Ind.) Welfare Fund, to vacate a supcena duces tecum, issued by the Waterfront Commission of New York Harbor, which requires the production of all books and records indicating the names, addresses and employers of all “ Union Representatives ”, as defined in the Welfare Fund Agreement and Declaration of Trust, for the period beginning January 1, 1957. *901 “ Union Representatives ”, as thus defined, include a “ delegate, business agent, official, representative, or employee of the Union or its affiliated Locals, elected or appointed, and receiving a salary
On the argument of the motion, the movant withdrew its claim that the subpeena was invalid because it was issued without compliance with certain statutory requirements, and the commission withdrew its contention that this proceeding could not legally be maintained, because petitioner was only one of the six trustees of the welfare fund.
The subpeena states that it issued in connection with an investigation being conducted by the commission pursuant to article IV of the Waterfront Commission Compact. (L. 1953, ch. 882.) Petitioner recognizes that said article gives the commission “very broad” powers of investigation, but he urges that it does not give the commission the right to investigate employees of labor organizations. There is, however, nothing in the language of the compact which even tends to prohibit the commission, in the course of an investigation authorized by the compact, from examining as witnesses employees of a labor union or from compelling the production of the records of a labor union. Petitioner’s contention has been overruled by this court on a number of occasions, the latest ruling being that recently made by Mr. Justice Stbeit (Matter of Bowers v. Waterfront Comm, of N. T. Harbor, N. Y. L. J., Sept. 25, 1958, p. 6, col. 4., affd. 7 A D 2d 630). In the cited case motions to quash subpoenas duces tecum, calling for the production of records of a labor union, were denied, notwithstanding the assertion of the claim made by the present petitioner.
Petitioner also argues that the issuance of a subpoena by the commission must have a reasonable relation to the action to be taken by the commission under the authority of the statute. The court is, however, of the opinion that there is a reasonable relation between the production of the records of the welfare fund and the objectives which the commission is authorized by statute to accomplish or attain. The commission states that it has received information of large union payments to ex-felons, tending to indicate that section 8 of article IV of the Waterfront Act is being violated, and that it is endeavoring to ascertain whether this is the fact. It also states that it is investigating waterfront conditions generally, for the purpose of determining whether there is need to recommend additional legislation. Article IV of the Compact expressly authorizes the commission to investigate waterfront practices and all mat *902 ters relating to the accomplishment of the objective of the Compact, and to make reports and recommendations to the Legislatures of New York and New Jersey, and to the Governors of those States, for the improvement of conditions of waterfront labor. As pointed out in Matter of Bowers v. Waterfront Comm, (supra) one of the expressed objectives of the Compact is the elimination of the influence of criminals in the hiring of waterfront labor. In that case, as in the one at bar, the commission’s stated purpose was to ascertain whether ex-felons are connected with the waterfront union and are influencing the hiring of waterfront labor. The records of the Welfare Fund, which the subpoena calls for, may show that ex-felons are connected with the union, contrary to the intent of section 8 of article IV of the Waterfront Act, or are, as employees or otherwise, in positions where they can or do influence the hiring of waterfront labor. In the latter event, additional legislation may be necessary in the opinion of the commission and may be recommended. The constitutionality of section 8 of article IV of the Waterfront Act has been upheld, under the police power of the State, in De Veau v. Braisted (5 A D 2d 603) and in International Longshoremen’s Assn. v. Hogan (3 Misc 2d 893). (See, also, opinion to same effect, written by Mr. Justice BBErrnAn, now a member of the Supreme Court of the United States, in Hazelton v. Murray, 21N. J. 115.)
The requirements of section 37-d of the Insurance Law, relied upon by petitioner, relate only to examinations of the books of a welfare fund by the Superintendent of Insurance. There are no such restrictions imposed by the Legislature upon investigations which the Waterfront Commission is empowered to make.
The provisions of section 73 of the Civil Eights Law, upon which petitioner also relies, are applicable, by their terms, only to an “ agency ”, as defined in section 73 (subd. 1, par. [a]) of that statute. The Waterfront Commission, a bi-State agency, is not an 1 ‘ agency ’ ’ within the definition of that term in section 73 (subd. 1, par. [a]).
The motion to vacate the subpoena is denied. This disposition is without prejudice, however, to the right of petitioner, on the return of the subpoena, to claim a privilege, statutory or otherwise, against the disclosure of any particular record or document in the files of the welfare fund. The question of whether or not such a privilege may exist has not been considered on the present motion.