Gerald Nolan, J.
Plaintiffs, the owner and operator and the manager, respectively, of a restaurant and “ night club ” located in the Village of Port Chester, which is licensed to sell alcoholic beverages to its customers, bring this action to declare invalid an ordinance of the village, enacted to regulate dancing in restaurants and other places where beer, wines and alcoholic liquors are sold or consumed. The ordinance, enacted in 1934, provides that it shall be unlawful to permit any dancing or entertainment of any kind in restaurants or places where alcoholic liquors are sold without a license “ for such dancing and exhibition.” Provision is made for the application for the required license, and for reference thereof by the Village Trustees to the Chief of Police, for investigation, inspection and report with his recommendation. Thereafter the Board of Trustees is empowered to make a further investigation if they consider it necessary, and to grant or refuse to grant the license. The license may not be refused except for specific reasons and for the protection of public safety, health, morals or general welfare, and the ordinance specifically provides that it may not be issued under certain stated circumstances. If the Board of *362 Trustees approves the application which may be made for a license to permit dancing or entertainment in the premises to be licensed, they may issue to the applicant a license to conduct and maintain dancing therein. No other provision is made for any license or for a separate license to conduct entertainment, but the license to conduct dancing is apparently intended to serve as a license for both dancing and entertainment. It is required to state the place where the “ dancing or other exhibition ” is to take place and the license may be revoked if the place where “ the dancing or exhibition was held” was frequented by disorderly or immoral persons. The ordinance as originally enacted provided, by section 9 thereof, that neither dancing nor any exhibition should be permitted in any place where alcoholic liquors, beer or wines were sold on Sunday, nor after 1 o ’clock a'.m., but that the trustees for good cause shown might extend the hours of closing and permit dancing on Sunday. In 1938, section 9 of the ordinance was amended so as to provide by subdivision (a) that dancing should not be permitted on Sunday, nor after 1 o’clock a.m., Daylight Saving Time, from the last Sunday in April through the last Sunday in September, and Eastern Standard Time from the last Sunday of September through to the last Sunday of April in each year, and that the trustees could, for good cause shown extend the hours of dancing and permit dancing on Sunday. Section 9 of the ordinance, as amended, also provides by subdivision (b), despite the previous provisions as to licensing, that no floor shows, exhibitions, or entertainment other than dancing shall be permitted in any restaurant or other place where alcoholic liquors, beer or wine may be consumed, sold or exposed for sale, unless the Board of Trustees for good cause shown may permit the same by resolution, which shall set forth the hours within which such floor show, exhibitions, or entertainment, other than dancing, may be held. Any person violating any provision of the ordinance, or rules or regulations made in pursuance thereof, may, on conviction, be fined not more than $50, and such violation shall constitute a misdemeanor, and in addition thereto shall constitute disorderly conduct, and the violator shall be a disorderly person punishable accordingly, and each day on which such violation continues shall constitute a separate offense.
Prior to the commencement of this action, plaintiff Sabia made application, pursuant to the ordinance and on a form furnished by the Village Clerk, for a license to conduct dancing or entertainment in the establishment conducted by plaintiff, Sa-Bleu, Inc., and a license to conduct dancing was issued to plaintiff Sa-Bleu, Inc., on April 22,1963, which did not set forth the hours *363 within which entertainment, other than dancing might be conducted. Thereafter plaintiffs were charged on three occasions with violations of subdivisions (a) and (b) of section 9 of the ordinance, the first charge having been made before this action was commenced, and the second and third thereafter. The first information was dismissed for technical reasons, and the disposition of the other charges is not disclosed. Plaintiffs move for summary judgment contending that the undisputed facts establish that the ordinance is invalid as a m'atter of law. Since no criminal action was pending against plaintiffs, or either of them, when this action was commenced (cf. Wollard v. Schaffer Stores Co., 272 N. Y. 304) and the question presented involves the constitutionality of the ordinance, and may be decided on the undisputed facts, there is no reason why a declaratory judgment may not be granted (cf. Bums v. Conway, 17 A D 2d 207; De Veau v. Braisted, 5 AD 2d 603, affd. 5 N Y 2d 236). Unquestionably the Village of Port Chester has the power, through its Board of Trustees, and subject to the provisions of existing law, to provide for licensing and otherwise regulating establishments such as that conducted by plaintiffs (Village Law, § 89, subds. 52, 59; §§ 90, 91, 91-a) and in the discretion of the Village Trustees may sanction or prohibit theatrical and other shows or exhibitions or “ performances for money”. (Charter of Village of Port Chester [L. 1868, ch. 818, as amd.], tit. Ill, § 1, subd. 13.)
Whether the restrictive provisions of the ordinance exceed the authority granted to the trustees should not be determined on this motion. It is apparent that it was not the intent of the board to prohibit dancing or entertainment in establishments such as that conducted by plaintiffs, and if it is to be determined that the restrictions imposed are arbitrary, and have no reasonable relation to any proper legislative purpose, which the board has authority to effect, that determination should be made only after a hearing at which evidence may be adduced with respect to the necessity of the regulations. However, no matter how necessary regulation may be, if it is to be accomplished by means of an ordinance in which conduct which is otherwise lawful is converted into that which is criminal its terms must be clear and definite, and certain in specifying the conduct which is prohibited and in prescribing some comprehensive guide, ride or information as to what must be done and what must be avoided so that those who are subject to the requirements may know how to comply with them. An ordinance which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning *364 and may differ as to its application violates the first essential of due process of law (Trio Distr. Corp. v. City of Albany, 2 N Y 2d 690). Section 9 of the ordinance, insofar as it prohibits dancing after 1 o’clock a.m., and floor shows, exhibitions or entertainment “ unless the Board of Trustees, for good cause shown, may permit the same by resolution ” is too vague and indefinite, when read in connection with the licensing provisions of the ordinance, to constitute a sufficient definition of criminal conduct. It was obviously not the intent of the board to prohibit dancing during reasonable hours of the day. As the ordinance is drawn, however, it may be violated by plaintiffs if they permit dancing at any time, on any day, after 1 o’clock a.m., at which time dancing must cease, and plaintiffs must guess as to the legislative intent, if they select any hour thereafter, in the afternoon or evening, at which dancing may be resumed. Neither is it possible, under the ordinance as drawn, for plaintiffs or others in their position to determine what must be done to obtain permission to conduct any other form of entertainment in their establishments. Sections 1, 2 and 3 of the ordinance provide for the issuance of licenses to conduct dancing, which as has been stated, are apparently intended to permit both dancing and other entertainment, and which may only be issued after investigation and approval of the applicant, and the premises to be licensed. It is not denied that only one form of application for a license is used, and that plaintiffs used that form in making application for the license which was issued. What plaintiffs are required to do in addition to making that application and satisfying the board as to their fitness and that of their restaurant, and obtaining the only license provided for by the ordinance, by way of a showing of good cause for permission to offer entertainment to their customers, and how they are to do it are not disclosed. Presumably, no license would have been issued to plaintiff Sa-Bleu if the proprietors of the restaurant had not shown “ good cause ” for its issuance, and presumably also the license was issued pursuant to a resolution of the board. Whether any further application or resolution is required, and if so when and how it is to be made, are left to conjecture. It is apparent that the board did not intend to prohibit entertainment in restaurants where alcoholic beverages are sold, and still this ordinance may be construed as requiring an application, and a resolution permitting entertainment or at least a resolution, for each separate act, show, exhibition, or entertainment conducted each day, a condition which obviously cannot be complied with. It is difficult to believe that it was the intent of the board so to provide, but if the ordinance is to be read as requiring the applicant to show *365 good cause for the issuance of a license and to show g'ood cause again before he may act under it, it is impossible to determine when and how often such good cause must be shown. It is true that plaintiffs have not obtained any resolution setting forth the hours during which shows or entertainments may be conducted, but they have concededly made the only application for a license which the ordinance provides for, and so far as has been shown no determination has been made as to such hours, in response to that application or otherwise.
The ordinance, insofar as it prohibits dancing on Sunday, and provides that violations shall be punishable as criminal offenses is invalid, for an additional reason. A license may be conditionally granted or given subject to reasonable restrictions as to hours of opening and closing, and other limits on its exercise. But the derivative power of a municipality to fine and imprison can only exist under authority clearly committed to it. The Legislature has prescribed by a comprehensive series of statutory enactments the conduct which shall constitute Sabbath breaking and has clearly provided therein the circumstances under which specified activities may be permitted or forbidden by municipalities (Penal Law, §§ 2140-2153).
No express authority has been given to municipalities to supersede the State law on that subject, and such authority may not be inferred from general grants of power nor held to exist as an implied or incidental right. The Legislature alone may command how Sunday shall be kept (cf. People ex rel. Kieley v. Lent, 166 App. Div. 550-551, affd. 215 N. Y. 626; People v. Dunford, 207 N. Y. 17, 20).
Plaintiffs are entitled to judgment declaring section 9 of the ordinance, as amended in 1938, and section 9' of the original ordinance, insofar as it prohibits dancing on Sunday and dancing and entertainment after the hour of 1 o ’clock a.m., invalid.
The conduct of exhibits, shows, or similar entertainments on Sunday are prohibited in any event by the provisions of section 2152 of the Penal Law unless permitted by local law or ordinance and the provisions of section 9 of the original ordinance prohibiting any exhibition on that day do not contravene the State law. Neither does any reason appear why the ordinance should be declared invalid because violations are declared to be misdemeanors, and disorderly conduct, and violators to be disorderly persons. Although the purpose of the provision is not clear, authority for such declaration is given by the Village Charter (tit. Ill, § 8) and section 93 of the Village Law. The fact that the portions of the ordinance heretofore referred to are invalid does not invalidate the entire ordinance. The con *366 elusion is inescapable that the Village Board, if invalidity of such provisions had been foreseen would have wished the ordinance to be enforced with the invalid part exscinded (cf. People ex rel. Alpha Portland Cement Co. v. Knapp, 230 N. Y. 48). Such being the case it is unnecessary to reject the entire enactment.
No injunctive relief will be granted since it is not probable that the defendants will attempt to enforce the invalid provisions of the ordinance, as long as the judgment to be entered shall stand. Plaintiffs may, however, if so advised, apply at the foot of the judgment to be entered for further relief, if such enforcement shall be attempted, and the order may also provide that the causes of action as to which summary judgment is granted shall be severed (CPLR 3212, subd. [b]).